**Manuel TONCHE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44670.**

Court of Criminal Appeals of Texas.

March 29, 1972.

W. D. Hollars, Plainview, for appellant.

Tom Hamilton, Dist. Atty., Plainview, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for theft of personal property of the value of under $50.00 and over $5.00; the punishment, imprisonment in the county jail for six months.

The appellant was indicted for the theft of some brass fittings and pipe, being personal property of the alleged value of over

$50.00. There was some evidence that the property taken was of a value under $50.00. The court's charge to the jury included an instruction authorizing a finding of guilty of theft of property under the value of $50.00 and over the value of $5.00.

The appellant first contends that the State did not prove "by legal and competent evidence that the property was taken by the defendant."

■ George Leach, the owner of a canning company, returned to his place of business between 7:00 and 7:30 p. m. on June 9, 1970. When he arrived at the plant he observed someone "between a cooker and the building." The individual he saw "ducked" as he drove up. Leach "went to investigate" and found appellant and two small boys in a trench beside the building. When the appellant was asked the reason for his being there, he told Leach that he was hunting for rabbits. When Leach turned to his wife to tell her to call the police, the appellant "made a break to—and got in his car and tried to get away." Appellant backed his car into the street, whereupon Leach got into his own car, obtained a .22 pistol, and ordered appellant to stop. The appellant stopped. Shortly thereafter, the police arrived. Appellant went over to his car and started unloading items from his car which Leach recognized as equipment taken from the grounds outside the cannery. Among the items were a "brass water injector," a brass "oiler to a steam pump," and some pipe fittings.

At the trial the appellant offered the testimony of the eleven-year-old boy and the thirteen-year-old boy who were with him at the canning company. They testified that they picked up the property and placed it in the car.

The State introduced appellant's voluntary, written statement, made on the evening the offense was committed. In part it stated, "I stopped the car, got out of the car and picked up the pipe and valves that were laying by the post. I took the long piece of pipe to the car and put it in the back seat. Then I went back after another piece of the pipe to put it in the car." Appellant's contention that the evidence does not show that the property was taken by him is without merit.

■ Appellant's next contention is that the evidence is insufficient to support a conviction for theft of property over the value of $5.00, in that the evidence fails to show that the value of the property was in excess of $5.00. The record reflects that the witness Leach, owner of the property, testified that the "injector" had a value of $80.00 and one of the valves taken had a value of $40.00. Appellant's own witness, a man engaged in the sale of scrap iron, testified that the pipe alone, if sold for scrap, would be worth "about $5.00 or $6.00 . . ." This ground of error is overruled.

Appellant next contends "The court committed error in giving a juror instructions as to the law, before the case was closed, and not in compliance with Article 36.27, V.A.C.C.P."

■ The record reflects that at the conclusion of appellant's testimony, but before the jury had retired to deliberate, a juror inquired of the court as to whether he could ask a question. The juror did ask several questions, one question was answered by the court. The juror should not have been permitted to ask the questions. However, we have carefully considered this contention and have concluded that the appellant was not harmed.

The judgment is affirmed.

Opinion approved by the Court.