**Ruben G. SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54041.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 8, 1978.

---

Jimmy Phillips, Jr., Angleton, for appellant.

Ogden Bass, Dist. Atty. and A. B. Crowther, Jr., Asst. Dist. Atty., Angleton, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for indecency with a child, V.T.C.A., Penal Code, Sec. 21.11. Appellant was tried before a jury, which assessed his punishment at ten (10) years' confinement in the Texas Department of Corrections.

The complainant, thirteen years old at the time of the offense, testified that on August 21, 1975, she was walking to a Seven-Eleven store. As she approached the store, she saw appellant standing beside the store, masturbating. She stated that as she walked past him he grabbed her and pulled her to the ground behind the store. She testified that his pants were unzipped and that she could see his penis. She stated that appellant tried to take her pants off but that she hit him and then ran away.

Appellant presented a defense of alibi, but did not testify in his own behalf.

In his third ground of error, appellant contends that "the trial court erred in refusing to grant a mistrial when it became

apparent that a juror had given false information concerning a material fact during the voir dire examination of the jury panel." He further contends that the false information misled appellant and deprived him of an impartial jury and a fair trial.

The voir dire examination of the jury does not appear in the record before us. However, appellant timely[1] filed bills of exception which reflect the substance of appellant's complaint. These bills of exception were never acted upon by the trial court, and therefore are deemed approved without qualification. Art. 40.09, Sec. 6(a), Vernon's Ann.C.C.P.[2] The record also contains juror information sheets reflecting information that jurors had given the parties in the cause.[3]

Therefore, the record reflects that juror Maurice Wooley noted on his juror information sheet that he had never been a complainant or witness in a criminal case. He indicated again upon voir dire examination by the State that he had never before been a witness in or involved in a criminal proceeding. Wooley was accepted as a juror by both parties.

During the course of the trial, after the State rested its case, juror Wooley instructed the bailiff that he wanted to speak to the trial judge. The judge and Wooley met and had a discussion, after which the trial judge called the attorney for the State and the defense attorney into his chambers and informed them of the conversation. The record reflects that Wooley told the trial judge that he had given false information during voir dire examination concerning his previous involvement in a criminal case; he had in fact been a witness in a criminal case five years prior to that time when he was

1. Notice of appeal was given on March 3, 1976. On April 5, 1976, appellant filed a motion for an extension of time for filing bills of exception. On April 5, 1976, the trial court granted an extension until sixty (60) days after completion of the record. On July 30, 1976, appellant received notice of completion of the record, and he timely filed his bills of exception on August 20, 1976.

2. The trial court has submitted a supplemental transcript to this Court qualifying one of appellant's bills. While we need not decide whether this transcript is properly before us, we note that there is no qualification of appellant's bills of exception relating to the voir dire examination.

3. Error is preserved. Cf. *Magee v. State*, 504 S.W.2d 849 (Tex.Cr.App.1974). Appellant also raised this issue in his motion for new trial. See *Ables v. State*, 519 S.W.2d 464 (Tex.Cr. App.1975).

an eyewitness to a sexual assault on his own daughter by a Mexican-American male. The trial judge stated that Wooley said that his previous involvement in a criminal case would not influence his decision in the instant case and that he would judge it strictly from the evidence. Wooley also stated that he had not told any of the other jurors about his experience and that he would not do so. Appellant moved for a mistrial, which the court denied.

Appellant now contends that he was deprived of an impartial jury since the juror, through no fault of appellant, withheld material information upon voir dire examination. He contends that had he known the truth, he would have struck Wooley, either by a challenge for cause, Article 35.16(a)(8), (c)(2), Vernon's Ann.C.C.P., or exercised one of his peremptory challenges, Article 35.14, Vernon's Ann.C.C.P.

It is clear that juror Wooley was in violation of his oath when he withheld information during voir dire examination. See Article 35.02, Vernon's Ann.C.C.P. The issue thus presented to this Court is whether the trial court should have granted a mistrial during the course of the trial when it became known that the information withheld by the juror was material. We hold that the trial court erred in not granting appellant's motion for a mistrial. This is true regardless of the juror's statement that he would decide the instant case upon the evidence adduced at trial, since appellant had been effectively denied an opportunity to strike the juror during the voir dire examination.[4]

In *Norwood v. State*, 123 Tex.Cr.R. 134, 58 S.W.2d 100 (1933), this issue was squarely presented to this Court. There, we held that the defendant in a rape prosecution was entitled to a new trial where a juror failed to disclose on voir dire examination that his sister had previously been the victim of a sexual offense. We stated "[i]t has often been held that, when a partial juror or biased juror or prejudiced juror is selected without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to questions on voir dire and having no knowledge of their inaccuracy, there exists a good ground for a new trial. (citations omitted)" We further stated that the defendant "used due diligence. He was misled by the responses of the juror. Had the juror revealed the fact that his sister had suffered an experience similar to that of the prosecutrix, [the defendant] would not have accepted him. Relying upon the answer of the juror, [the defendant] was deprived of his right to peremptorily challenge him." The jury acts as a unit and the disqualification or prejudice of one of its members may be sufficient to vitiate the verdict. See also *Shaver v. State*, 162 Tex.Cr.R. 15, 280 S.W.2d 740 (Tex.Cr.App.1955); *King v. State*, 129 Tex.Cr.R. 371, 87 S.W.2d 726 (1935); *Bolt v. State*, 112 Tex.Cr.R. 267, 16 S.W.2d 235 (1929).

The voir dire process is designed to insure, to the fullest extent possible, that an intelligent, alert, disinterested and impartial jury will perform the duty assigned to it. *La Rosa v. State*, 414 S.W.2d 668 (Tex. Cr.App.1967). Where a juror withholds material information in the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. That a juror will state that the fact that he withheld information will not affect his verdict is not dispositive of the issue where the information is material and therefore likely to affect the juror's verdict.[5]

In the instant case, the information withheld was certainly material; appellant was

---

4. Cf. *Stein v. State*, 514 S.W.2d 927 (Tex.Cr. App.1974), wherein we held that an incident of juror misconduct raised no presumption of harm to appellant and he failed to show any. See also *Tonche v. State*, 478 S.W.2d 93 (Tex. Cr.App.1972).

5. We do not hold that an appellant is entitled to a reversal of his conviction in any case in which he discovers that a juror withheld information during voir dire. Where the information is not material and the juror can state that it will not affect his deliberation or verdict, an appellant may be unable to show harm.

a Mexican-American male on trial for exposing his genitals to a young girl, classified as a sexual offense; the juror had been an eyewitness to a sexual assault on his own daughter by a Mexican-American male some five years earlier and had testified to such at a previous trial.

Appellant was without fault or lack of diligence and he was misled, acting in good faith on the juror's responses to inquiries on this matter. He was deprived of his right to peremptorily challenge the juror, which action he asserts he would have taken if the juror had disclosed this fact upon voir dire examination. Accordingly, appellant is entitled to a new trial.

The judgment is reversed and the cause remanded.