# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00570-CR

**Jimmy Wayne Parra, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-99-0234-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING

A jury found appellant Jimmy Wayne Parra, Jr., guilty of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2001). The district court assessed punishment at imprisonment for thirteen years. In his only point of error, appellant contends the court erred by overruling his motion for mistrial on the ground that a juror withheld material information during voir dire. We will affirm.

During voir dire, the prosecutor recited the names of the complainant and other possible witnesses and asked the panelists if they knew any of them. Five panelists indicated that they were acquainted with one or more of the police officers involved in this case. Each panelist assured the prosecutor, and later defense counsel, that this would not affect him or her if selected for the jury. One of the five panelists was later excused for cause because she had been sexually abused as a child. The other four panelists did not serve on the jury, but it is not shown by the record whether they were peremptorily challenged or simply outside the "strike zone."

The only witnesses called by the State at the guilt stage of trial were the complainant and her grandmother. After the grandmother completed her testimony, one of the jurors informed the court that she had recognized the witness and "I am going to recognize the little girl [complainant]." In response to questions by defense counsel, the juror explained that she worked as a volunteer at Hope House as part of a class assignment and had seen the two witnesses at "court school."[1] They had been among thirty or so persons present at the school. The juror knew that persons attending the school "were taught how to go to court" but she "never knew what their situation was." She apparently had no personal contact with either the complainant or her grandmother. The juror was confident that she could be fair and impartial, and could base her verdict on the evidence.

Appellant's counsel objected to the juror remaining on the jury. He argued, "[D]espite her assurances to us . . . she's human and sympathetic and apparently a very nice person. I would submit to the Court that that is going to impact her – her decision. . . . I feel, Your Honor, that she cannot help but have her decision based on some sympathy because of the place that she volunteered . . . . [B]ecause of the fact that she knew the alleged victim . . . was there in order to take a Court class to prepare her to testify in some adverse proceeding, would more than likely affect her – her decision." The court overruled the objection and appellant's subsequent motion for mistrial.

---

[1] The prosecutor stated that "court school" is "a very, very informal event which I conduct up on the third floor. There are numerous other kids there. We let them see what a jury box looks like, what the witness chair feels like to sit in. We ask them their name and where they go to school and what grade they are in. And they take turns doing that. It's very, very informal. Nothing about their case is discussed."

2

When a juror withholds material information during the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978). Information is withheld, however, only if counsel asks questions calculated to bring out that information. *Jones v. State*, 596 S.W.2d 134, 137 (Tex. Crim. App. 1980). In this case, the panelists were asked only if they knew the complainant and her grandmother by name. The juror in question truthfully did not respond because she did not know their names. The panelists were not asked any questions calculated to reveal their volunteer activities or any connection they might have to victim's services organizations. Neither the juror's volunteer work at Hope House nor her having seen the witnesses at the court school were withheld during voir dire under the circumstances shown.

The juror's knowledge that the complainant and her grandmother attended the court school told her only that the complainant was the alleged victim of a crime. This was a fact apparent to every member of the jury panel. The complainant and her grandmother were among many attending the court school. The juror did not speak to them at the court school, was not given any information regarding their case, and did not even learn their names. There was no showing that this encounter had any potential for prejudice or bias on the juror's part. *See Decker v. State*, 717 S.W.2d 903, 907 (Tex. Crim. App. 1986) (op. on reh'g) (after trial began, juror realized he and complainant were co-workers; no showing of any friendship; information not material). Even if it could be said that the juror's recognition of the witnesses was withheld during voir dire, the district court's actions were not shown to have deprived appellant of an impartial jury or a fair trial. *Id*. at 908.

3

The two opinions cited by appellant are distinguishable. In *Von January v. State*, 576 S.W.2d 43, 45 (Tex. Crim. App. 1978), the panelist who became jury foreman deliberately failed to disclose during voir dire that he knew the crime victim and his family. Appellant does not contend that the juror in our case consciously or intentionally withheld pertinent information. In *Franklin v. State*, 12 S.W.3d 473, 476 (Tex. Crim. App. 2000), a juror realized after testimony began that she knew the complaining witness. But the trial court in *Franklin* did not permit defense counsel to question the juror concerning her relationship with the victim. *Id*. at 478. It was the denial of the opportunity to question the juror regarding the extent of possible prejudice that was deemed error by the court of criminal appeals. *Id*. at 478-79. In our case, appellant was given a full and fair opportunity to question the juror to learn if she might be partial to the State.

We overrule the point of error and affirm the judgment of conviction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 7, 2001

Do Not Publish