State v. Wayne Ray Frederick
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-151-CR

     THE STATE OF TEXAS,
                                                                         Appellant
     v.

     WAYNE RAY FREDERICK,
                                                                         Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 00-03-07082
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury found Wayne Frederick guilty of aggravated sexual assault of a child. The trial court
granted Frederick a new trial after determining that a juror withheld material information during
voir dire. In its sole point of error, the State argues that the trial court erred in granting a new
trial because the information withheld by the juror was immaterial and Frederick’s counsel was
not diligent in pursuing the information needed to use his peremptory strikes.
Background Facts
      During voir dire the prosecutor asked the following question: “Do any of you know anyone
who is or was a victim of sexual abuse?” At least eight venire persons responded to this question
and responded to follow-up questions from the prosecutor. Montica Cavett did not respond to the
question and was selected to serve on the jury. Following the verdict, Frederick moved for a new
trial on the ground that one or more jurors withheld material information during voir dire.


 The
trial court conducted a hearing on Frederick’s motion for a new trial. Cavett testified that she
personally knows at least two children who were victims of sexual abuse, one of whom is her
niece. Additionally, her husband’s brother was charged with sexually abusing his step-daughter
(whom Cavett also knew). Cavett further stated that she knew abused children from her time
spent as a house parent at a “youth ranch.” Cavett explained that she did not respond to the
prosecutor’s question because she was “a fair person” capable of seeing both sides.
Standard of Review
      The granting or denying of a new trial lies within the sound discretion of the trial court. See
State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993); Johnson v. State, 913 S.W.2d
736, 736-37 (Tex. App.—Waco 1996, no pet.). The standard of review is abuse of discretion. 
Id. As long as the trial court’s ruling was within the “zone of reasonable disagreement” there is
no abuse of discretion. See Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)
(citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). We therefore
examine the record to determine whether the trial court granted the new trial without reference to
any guiding rules or principles or, in other words, whether the act was arbitrary or unreasonable. 
See Montgomery, 810 S.W.2d at 380.
Applicable Law
      “The voir dire process is designed to ensure, to the fullest extent possible, that an intelligent,
alert, disinterested and impartial jury will perform the duty assigned to it.” Franklin v. State, 12
S.W.3d 473, 477 (Tex. Crim. App. 2000) (quoting Salazar v. State, 562 S.W.2d 480, 482 (Tex.
Crim. App. [Panel Op.] 1978)). Counsel for the State and the defendant have the right to question
the jury to expose any interest or partiality in order to use peremptory strikes intelligently. Id.
(citing Florio v. State, 568 S.W.2d 132, 133 (Tex. Crim. App. 1978). Thus, when a juror
withholds material information, the parties’ use of challenges and peremptory strikes is necessarily
hampered. Id. at 477-78.
      When a partial, biased, or prejudiced juror is selected without fault or lack of diligence on the
part of defense counsel, good ground exists for a new trial. See Franklin, 12 S.W.3d at 478; Von
January v. State, 576 S.W.2d 43, 45 (Tex. Crim. App. 1978). The fact that a juror states that
his withholding of information did not affect his verdict is not dispositive of the issue where the
information is material and therefore likely to affect the verdict. See Franklin, 12 S.W.3d at 478;
Salazar, 562 S.W.2d at 482.
Analysis
Defendant’s right to rely on the State’s questions during voir dire
      The State argues that it is the obligation of defense counsel to ask specific questions to develop
an area of concern raised by the prosecution. See Gonzales v. State, 3 S.W.3d 915, 917 (Tex.
Crim. App. 1999) (en banc); Fry v. State, 915 S.W.2d 554, 562 (Tex. App.—Houston [14th Dist.]
1995, no pet.). Such cases are readily distinguishable because those cases, requiring the defense
counsel to ask the specific questions, rely on the fact that 1) a proper question was never asked
by either side; or 2) the information withheld was not material. See Armstrong v. State, 897
S.W.2d 361, 364 n.1 (Tex. Crim. App. 1995) (“neither the court nor the prosecutor asked the jury
panel the necessary question”). Gonzales, 3 S.W.3d at 917 (no error where counsel failed to ask
specific question in questionnaire). Fry, 915 S.W.2d at 562 (juror never asked to respond to the
precise question complained of on appeal); Butler v. State, 990 S.W.2d 298, 303 (Tex.
App.—Texarkana 1999, no pet.) (same); Santacruz v. State, 963 S.W.2d 194, 197 (Tex.
App.—Amarillo 1998, pet. ref’d) (withheld information not material or suggesting bias).
      More importantly, the Court of Criminal Appeals has held that a defendant has the right to
rely on questions asked by the State during voir dire. See Armstrong, 897 S.W.2d at 364 n.1; see
also Ruiz v. State, 747 S.W.2d 535, 537 (Tex. App.—San Antonio 1988, pet. ref’d) (appellant
entitled to rely on juror’s answer to question posed by the State). Accordingly, we find no “lack
of diligence” on the part of Frederick’s defense counsel in relying on the prosecutor’s specific
question. See Franklin, 12 S.W.3d at 478; Von January, 576 S.W.2d at 45 (holding that when
a biased juror is selected, absent a lack of diligence by defense counsel, good ground exists for
a new trial).
Material Information Withheld
      The State argues that the trial court erred in granting Frederick’s motion for new trial because
the information withheld by Cavett during voir dire was not material.
      Case law supports the trial court’s decision to grant a new trial. In Salazar v. State, the
defendant was charged with indecency with a child and a juror failed to disclose during voir dire
that he had been an eyewitness to a sexual assault of his own daughter. See 562 S.W.2d 480, 481-82 (Tex. Crim. App. 1978). The Court of Criminal Appeals concluded that the juror was
incapable of being fair and impartial because of the similarities between the offense committed
against the juror’s daughter and the offense charged against the defendant. Id. at 482. Similarly,
in Norwood v. State, the defendant was charged with the offense of rape and a juror failed to
disclose that his sister had been the victim of a sexual offense. See 123 Tex. Crim. 134, 58
S.W.2d 100, 101 (1933). The Court of Criminal Appeals in Norwood held that the jury’s verdict
could not stand because the juror failed to disclose a material fact regarding his ability to render
a fair and impartial verdict. Id. at 101.
      The information Cavett withheld is material because she personally knew at least two sexually
abused children in her husband’s family. When Cavett failed to respond to inquiries that
reasonably would have revealed potential bias, prejudice, or animus toward the defendant, and the
defendant relied upon that silence in good faith, then the defendant was deprived of the opportunity
to make a knowing and intelligent use of his jury strikes. See Salazar, 562 S.W.2d at 482; see
also Von January, 576 S.W.2d at 45. As a result of Cavett’s silence, Frederick’s use of
challenges and peremptory strikes was necessarily hampered. See Franklin, 12 S.W.3d at 477-78. 
Moreover, through no fault of his own, Frederick was not permitted to determine the extent of
Cavett’s potential bias. Id. at 478. Under these circumstances, the trial court’s decision to grant
Frederick a new trial was not unreasonable or without reference to any guiding rules or principles. 
See Montgomery, 810 S.W.2d at 380. The trial court’s decision lies within the “zone of
reasonable disagreement.” See Santellan, 939 S.W.2d at 169. Accordingly, we find the trial
court did not abuse its discretion in granting a new trial.
      Point one is overruled.
      We affirm the order. 


                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 1, 2002
Do not publish
[CR25]