**Opinion filed October 1, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-08-00020-CR

————

## JAY PAUL HEAD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 128th District Court**

**Orange County, Texas**

**Trial Court Cause No. A070448-R**

### M E M O R A N D U M   O P I N I O N

Jay Paul Head appeals from a guilty verdict upon a charge of aggravated sexual assault. The jury found appellant guilty; sentenced him to fifty years confinement in the Texas Department of Criminal Justice, Institutional Division; and assessed a $10,000 fine. We affirm.

*Background Facts*

Appellant was indicted for four counts of aggravated sexual assault. Appellant pleaded not guilty and proceeded to a jury trial. During voir dire, the State asked the venire panel if any of them knew the prosecutor, the defendant, the defense attorney, or any of the defense attorney's family.

The State went on to ask if anybody could not be fair and impartial because they knew someone affiliated with the case. No challenges for cause were made based on these questions. During voir dire, appellant's attorney asked if any of the jurors knew two police officers whom he expected to be called in the case. Neither party asked the venire panel if they knew the State's witness, Brenda Garrison.

Prior to the testimony beginning but after the jury was empaneled, it came to the trial court's attention that Juror Tanya Loggins was the daughter-in-law of Garrison. The trial court asked Juror Loggins if she could be fair and impartial or if she would give more credit to Garrison. Juror Loggins responded that she could be fair and would treat the witness like anyone else. The trial court gave both sides an opportunity to question Juror Loggins, but neither party did. Appellant moved for a mistrial, but the trial court denied it and proceeded with the jury trial.

During trial, Garrison testified that she was a Sexual Assault Nurse Examiner. Garrison testified that she did not examine the victim, and her testimony was based on the report she reviewed from the nurse that did the sexual assault exam. Garrison further testified that it was probable that physical evidence of a sexual assault would not show up in an exam that took place three years after the assault, as the facts indicated in this case. Garrison also testified regarding how a victim could feel pain from penetration even if there was no blood or physical injury to the female sexual organ. Finally, Garrison provided expert testimony regarding the medical definition of penetration.

The victim testified that appellant assaulted her over the course of two years once or twice a week. David Wayne Ijames testified for the State and said that he was living with the victim, her mother, and appellant at the time of the alleged assaults. He described walking in on appellant and the victim under the covers on the bed. The victim's mother also testified that she had observed appellant under the covers with the victim as well. Appellant testified on his behalf and denied that he assaulted the victim. Appellant's defensive theory was that the State's outcry witness, Teresa Anne Gilroy, threatened and bribed everyone to fabricate the story about the assault so that she could get custody of the victim and her brothers.

### Issues on Appeal

Appellant raises two issues on appeal. First, he argues that the trial court erred in denying his motion for mistrial after learning that Juror Loggins was the daughter-in-law of one of the State's witnesses. Second, appellant asserts that he received ineffective assistance of counsel because his

counsel failed to ask questions during voir dire to determine if any of the veniremembers were related to the State's witnesses.

*Motion for Mistrial*

We review the trial court's ruling on a motion for mistrial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wead v. State,* 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). We do not substitute our judgment for that of the trial court but, rather, decide whether the trial court's decision was arbitrary or unreasonable. *Webb*, 232 S.W.3d at 112. Thus, a trial court abuses its discretion in denying a motion for mistrial only when no reasonable view of the record could support the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

The Sixth Amendment guarantees the right to a trial before an impartial jury. *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004). Part of the constitutional guarantee of the right to an impartial jury includes adequate voir dire to identify unqualified jurors. *Id*. The jury voir dire examination is designed to ensure that a disinterested, impartial, and truthful jury will perform the duty assigned to it by our judicial system. *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978). When a juror withholds material information in the voir dire process, the parties are denied the opportunity to intelligently exercise their challenges, thus hampering their selection of a disinterested and impartial jury. *Id.* Counsel must be diligent in eliciting pertinent information from prospective jurors during voir dire in an effort to uncover potential prejudice or bias. *Gonzales v. State*, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999). Counsel has an obligation to ask questions calculated to bring out information that might indicate a juror's inability to be impartial and truthful. *Id*. Unless defense counsel asks such questions, material information that a juror fails to disclose is not really "withheld" so as to constitute misconduct. *Id*. Counsel must ask specific questions, not rely on broad ones, to satisfy this obligation and must ask follow-up questions after a potential bias is discovered. *Id.* If counsel fails to do this, then there is no error.

In this case, appellant's counsel did not diligently elicit information from the jurors during voir dire. Appellant's counsel failed to ask the venire panel if anyone knew Garrison. Juror Loggins was not aware that Garrison was a witness in this case because neither party mentioned Garrison's

3

name. Juror Loggins did not withhold material information. Therefore, no misconduct occurred requiring the trial court to grant a mistrial.

Appellant argues that the relationship between Garrison and Juror Loggins was so close that an implied bias should be presumed. The doctrine of implied bias is limited to the extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial. *Ruckman v. State*, 109 S.W.3d 524, 528 (Tex. App.—Tyler 2000, pet. ref'd). While each case must turn on its own facts, some examples of extreme situations where implied bias might be found are where the juror is an actual employee of the prosecuting agency, where the juror is a close relative of one of the participants in the trial, or where the juror was a witness or somehow involved in the criminal transaction. *Smith v. Phillips*, 455 U.S. 209, 223 (1982) (O'Conner, J., concurring). We hold that the facts of this case are not so extreme such that the implied bias doctrine applies. Garrison was not a material fact witness but, rather, testified as an expert on the generalities of sexual assault of children. Her testimony was not a vital part of the case and was based on expert reports and theories. The trial court did not err in failing to grant a mistrial. We overrule appellant's first issue on appeal.

*Ineffective Assistance of Counsel*

To determine whether appellant's trial counsel rendered ineffective assistance, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). An appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712; *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland*, 466 U.S. at 687. Prejudice is demonstrated when the defendant shows a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Although it is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance, counsel's actions must be judged by the "totality of the representation" rather than by isolated acts or omissions of trial counsel. *Thompson*, 9 S.W.3d at 813; *see Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985).

When the record is silent on the motivations underlying trial counsel's tactical decisions, the appellant usually cannot overcome the strong presumption that counsel's conduct was reasonable. *Thompson*, 9 S.W.3d at 813. In order to defeat *Strickland*'s presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id.*

Appellant argues he received ineffective assistance of counsel because his counsel failed to question the venire panel regarding possible relationships with Garrison. Appellant has not shown that Juror Loggins was biased in this case. Either party may challenge a prospective juror for cause if it is shown that the juror has a bias or prejudice in favor or against the defendant. TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (Vernon 2006). The trial court is in the best position to evaluate a prospective juror's sincerity and ability to be fair and impartial. *Mount v. State*, 217 S.W.3d 716, 722 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The relationship between Juror Loggins and Garrison came to the trial court's attention prior to the start of any testimony. The trial court questioned Juror Loggins to determine if she could be fair and impartial. She responded that she could be fair and impartial. We give great deference to the trial court's acceptance of Juror Loggins's response. *Mount*, 217 S.W.3d at 722. Even if the information of Juror Loggins's relationship with Garrison had been revealed during voir dire, Juror Loggins was not challengeable for cause.

Appellant also argues that his counsel was ineffective in failing to question Juror Loggins after her relationship with Garrison was brought to the attention of the trial court. However, the record before this court does not demonstrate what counsel would have asked Juror Loggins to show her potential bias or how he would have uncovered information in order to challenge her for cause. *See Franklin*, 138 S.W.3d at 355. Appellant also does not demonstrate that he would have used a

peremptory strike on Juror Loggins had the relationship been revealed prior to empaneling the jury. In *State v. Morales*, 253 S.W.3d 686 (Tex. Crim. App. 2008), the juror in question worked in the district attorney's office that was prosecuting the case. The court held that failure to strike the juror did not rise to the level of ineffective assistance of counsel. The court stated that there may have been some strategic or tactical decision-making processes of defense counsel that prevented him from exercising a strike against the juror. *Id.* at 697.

Here, appellant cannot overcome the presumption that his counsel's actions were sound trial strategy. Counsel could have had a reason for not questioning the panel about any relationship with Garrison. She was not a material fact witness. Rather, Garrison was as expert witness that testified about generalities of sexual assault of children. Counsel may have used his time allowed for voir dire questioning the panel about other more significant aspects of the trial. Further, there is nothing in the record that demonstrates that the trial court would have struck Garrison for cause or that counsel would have used a peremptory strike if the relationship had been disclosed. Appellant has failed to rebut the presumption that his trial counsel's actions were reasonable. Therefore, appellant has not shown that he received ineffective assistance of counsel. We overrule appellant's second issue.

*Conclusion*

We affirm the judgment of the trial court.

RICK STRANGE

JUSTICE

October 1, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.