Opinion filed October 1, 2009











 
 
  
 
 







 
 
  
 
 




 

Opinion filed October 1,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00020-CR 

                                                     __________

 

                                       JAY
PAUL HEAD, Appellant

 

                                                             V.

                                       
STATE OF TEXAS, Appellee

 



 

                                         On
Appeal from the 128th District Court 

 

                                                         Orange
County, Texas

 

                                               Trial
Court Cause No. A070448-R

 



 

                                             M
E M O R A N D U M   O P I N I O N

Jay
Paul Head appeals from a guilty verdict upon a charge of aggravated sexual
assault. The jury found appellant guilty; sentenced him to fifty years
confinement in the Texas Department of Criminal Justice, Institutional
Division; and assessed a $10,000 fine. We affirm. 

Background
Facts








Appellant
was indicted for four counts of aggravated sexual assault.  Appellant pleaded
not guilty and proceeded to a jury trial.  During voir dire, the State asked
the venire panel if any of them knew the prosecutor, the defendant, the defense
attorney, or any of the defense attorney=s
family.  The State went on to ask if anybody could not be fair and impartial
because they knew someone affiliated with the case.  No challenges for cause
were made based on these questions.  During voir dire, appellant=s attorney asked if any of
the jurors knew two police officers whom he expected to be called in the case. 
Neither party asked the venire panel if they knew the State=s witness, Brenda
Garrison.  

Prior
to the testimony beginning but after the jury was empaneled, it came to the
trial court=s
attention that Juror Tanya Loggins was the daughter-in-law of Garrison.  The
trial court asked Juror Loggins if she could be fair and impartial or if
she would give more credit to Garrison.  Juror Loggins responded that she
could be fair and would treat the witness like anyone else.  The trial court
gave both sides an opportunity to question Juror Loggins, but neither party did. 
Appellant moved for a mistrial, but the trial court denied it and proceeded
with the jury trial. 

During
trial, Garrison testified that she was a  Sexual Assault Nurse Examiner. 
Garrison testified that she did not examine the victim, and her testimony was
based on the report she reviewed from the nurse that did the sexual assault
exam.  Garrison further testified that it was probable that physical evidence
of a sexual assault would not show up in an exam that took place three years
after the assault, as the facts indicated in this case.  Garrison also
testified regarding how a victim could feel pain from penetration even if there
was no blood or physical injury to the female sexual organ.  Finally, Garrison
provided expert testimony regarding the medical definition of penetration.

The
victim testified that appellant assaulted her over the course of two years once
or twice a week.  David Wayne Ijames testified for the State and said that he
was living with the victim, her mother, and appellant at the time of the
alleged assaults.  He described walking in on appellant and the victim under
the covers on the bed.  The victim=s
mother also testified that she had observed appellant under the covers with the
victim as well.  Appellant testified on his behalf and denied that he assaulted
the victim.  Appellant=s
defensive theory was that the State=s
outcry witness, Teresa Anne Gilroy, threatened and bribed everyone to fabricate
the story about the assault so that she could get custody of the victim and her
brothers.  

Issues
on Appeal








Appellant
raises two issues on appeal.  First, he argues that the trial court erred in
denying his motion for mistrial after learning that Juror Loggins was the
daughter-in-law of one of the State=s
witnesses.  Second, appellant asserts that he received ineffective assistance
of counsel because his counsel failed to ask questions during voir dire to
determine if any of the veniremembers were related to the State=s witnesses.  

Motion
for Mistrial

We
review the trial court=s
ruling on a motion for mistrial for an abuse of discretion.  Webb v.
State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  We view the evidence in
the light most favorable to the trial court=s
ruling and uphold the trial court=s
ruling if it was within the zone of reasonable disagreement. Wead v. State, 129 S.W.3d 126, 129 (Tex.
Crim. App. 2004). We do not substitute our judgment for that of the trial court
but, rather, decide whether the trial court=s
decision was arbitrary or unreasonable.  Webb, 232 S.W.3d at 112.  Thus,
a trial court abuses its discretion in denying a motion for mistrial only when
no reasonable view of the record could support the trial court=s ruling.  Charles v.
State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

The
Sixth Amendment guarantees the right to a trial before an impartial jury.  Franklin
v. State, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004).  Part of the
constitutional guarantee of the right to an impartial jury includes adequate
voir dire to identify unqualified jurors.  Id.  The jury voir dire
examination is designed to ensure that a disinterested, impartial, and truthful
jury will perform the duty assigned to it by our judicial system.  Salazar
v. State, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978).  When a juror
withholds material information in the voir dire process, the parties are denied
the opportunity to intelligently exercise their challenges, thus hampering
their selection of a disinterested and impartial jury.  Id.   Counsel
must be diligent in eliciting pertinent information from prospective jurors
during voir dire in an effort to uncover potential prejudice or bias.  Gonzales v.
State, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999).  Counsel has an obligation
to ask questions calculated to bring out information that might indicate a
juror=s inability to
be impartial and truthful.  Id.  Unless defense counsel asks such
questions, material information that a juror fails to disclose is not really Awithheld@ so as to constitute
misconduct.  Id.  Counsel must ask specific questions, not rely on broad
ones, to satisfy this obligation and must ask follow-up questions after a
potential bias is discovered.  Id.  If counsel fails to do this, then
there is no error. 








In
this case, appellant=s
counsel did not diligently elicit information from the jurors during voir
dire.  Appellant=s
counsel failed to ask the venire panel if anyone knew Garrison.  Juror Loggins
was not aware that Garrison was a witness in this case because neither party
mentioned Garrison=s
name.  Juror Loggins did not withhold material information.  Therefore, no
misconduct occurred requiring the trial court to grant a mistrial. 

Appellant
argues that the relationship between Garrison and Juror Loggins was so close
that an implied bias should be presumed.  The doctrine of implied bias is
limited to the extreme situations where the relationship between a prospective
juror and some aspect of the litigation is such that it is highly unlikely that
the average person could remain impartial.  Ruckman v. State, 109 S.W.3d
524, 528 (Tex. App.CTyler
2000, pet. ref=d). 
While each case must turn on its own facts, some examples of extreme situations
where implied bias might be found are where the juror is an actual employee of
the prosecuting agency, where the juror is a close relative of one of the
participants in the trial, or where the juror was a witness or somehow involved
in the criminal transaction.  Smith v.  Phillips, 455 U.S. 209, 223
(1982) (O=Conner, J.,
concurring).  We hold that the facts of this case are not so extreme such that
the implied bias doctrine applies.  Garrison was not a material fact witness
but, rather, testified as an expert on the generalities of sexual assault of
children.  Her testimony was not a vital part of the case and was based on
expert reports and theories.  The trial court did not err in failing to grant a
mistrial.  We overrule appellant=s
first issue on appeal. 

 Ineffective
Assistance of Counsel 








To
determine whether appellant=s
trial counsel rendered ineffective assistance, we must first determine whether
appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999). We must indulge a strong presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).  An appellant must overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial
strategy.  Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712;
Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  The second prong requires a showing that
counsel=s errors were
so serious as to deprive the defendant of a fair trial.  Strickland, 466
U.S. at 687.  Prejudice is demonstrated when the defendant shows a reasonable
probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.  Id.
at 694.  Although it is possible that a single egregious error of omission or
commission by appellant's counsel constitutes ineffective assistance, counsel=s actions must be judged by
the Atotality of the
representation@ rather
than by isolated acts or omissions of trial counsel.  Thompson, 9 S.W.3d
at 813; see Jackson v. State, 766 S.W.2d 504, 508 (Tex. Crim. App.
1985).

 When
the record is silent on the motivations underlying trial counsel=s tactical decisions, the
appellant usually cannot overcome the strong presumption that counsel=s conduct was reasonable.  Thompson,
9 S.W.3d at 813.  In order to defeat Strickland=s presumption of reasonable professional
assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. at 814
(quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).  In the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.  Id.

Appellant
argues he received ineffective assistance of counsel because his counsel failed
to question the venire panel regarding possible relationships with Garrison. 
Appellant has not shown that Juror Loggins was biased in this case.  Either
party may challenge a prospective juror for cause if it is shown that the juror
has a bias or prejudice in favor or against the defendant.  Tex. Code Crim. Proc. Ann. art.
35.16(a)(9) (Vernon 2006).  The trial court is in the best position to evaluate
a prospective juror=s
sincerity and ability to be fair and impartial.  Mount v. State, 217
S.W.3d 716, 722 (Tex. App.CHouston
[14th Dist.] 2007, no pet.).  The relationship between Juror Loggins and
Garrison came to the trial court=s
attention prior to the start of any testimony.  The trial court questioned
Juror Loggins to determine if she could be fair and impartial.  She responded
that she could be fair and impartial.  We give great deference to the trial
court=s acceptance of
Juror Loggins=s
response.  Mount, 217 S.W.3d at 722.  Even if the information of Juror
Loggins=s relationship
with Garrison had been revealed during voir dire, Juror Loggins was not
challengeable for cause. 








Appellant
also argues that his counsel was ineffective in failing to question Juror
Loggins after her relationship with Garrison was brought to the attention of
the trial court.  However, the record before this court does not demonstrate
what counsel would have asked Juror Loggins to show her potential bias or how
he would have uncovered information in order to challenge her for cause.  See
Franklin, 138 S.W.3d at 355.  Appellant also does not demonstrate that
he would have used a peremptory strike on Juror Loggins had the relationship
been revealed prior to empaneling the jury.  In State v. Morales, 253
S.W.3d 686 (Tex. Crim. App. 2008), the juror in question worked in the district
attorney=s office that
was prosecuting the case.  The court held that failure to strike the juror did
not rise to the level of ineffective assistance of counsel.  The court stated
that there may have been some strategic or tactical decision-making processes
of defense counsel that prevented him from exercising a strike against the
juror.  Id. at 697.     

Here,
appellant cannot overcome the presumption that his counsel=s actions were sound trial
strategy.  Counsel could have had a reason for not questioning the panel about
any relationship with Garrison.  She was not a material fact witness.  Rather,
Garrison was as expert witness that testified about generalities of sexual
assault of children.  Counsel may have used his time allowed for voir dire
questioning the panel about other more significant aspects of the trial. 
Further, there is nothing in the record that demonstrates that the trial court
would have struck Garrison for cause or that counsel would have used a
peremptory strike if the relationship had been disclosed.  Appellant has failed
to rebut the presumption that his trial counsel=s
actions were reasonable.  Therefore, appellant has not shown that he received
ineffective assistance of counsel.  We overrule appellant=s second issue.  

Conclusion

We
affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

October 1, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.