

# NUMBER 13-23-00092-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ISMAEL CASO JR.
A/K/A ISMAEL CASO,                                              Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

## ON APPEAL FROM THE 103RD DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Ismael Caso Jr. a/k/a Ismael Caso of indecency with a

child by sexual contact and assessed his punishment at thirteen years' imprisonment.[1]

---

[1] Caso was also charged with continuous sexual abuse of a young child. *See* TEX. PENAL CODE

*See* TEX. PENAL CODE ANN. § 21.11(a)(1). By a single issue, Caso argues that his right to a fair and impartial jury under the Sixth Amendment may have been compromised because a juror was allegedly seen waving and acting friendly towards a member of the complainant's family during trial. *See* U.S. CONST. amend. VI. Caso contends that the trial court's refusal to question the juror about any potential bias was improper and prevented him from developing the necessary record that could support his entitlement to a new trial. We affirm.

## I.     BACKGROUND

After the State rested, Caso's counsel advised the trial court outside the presence of the jury that he received a report about a juror who allegedly "said 'hello' and was very friendly with the [complainant's uncle]" during a break. The complainant's uncle was attending the trial but was not a witness. This colloquy followed:

| | |
|---|---|
| THE COURT: | Okay. Do you know the juror's name? |
| [COUNSEL]: | No. It's the tall one. |
| THE COURT: | And did they actually communicate or they just waved? |
| [COUNSEL]: | I think they just waved, very friendly, Judge. |
| THE COURT: | And who was telling you this? |
| [COUNSEL]: | A family member of Mr. Caso who was sitting outside. |
| THE COURT: | And what are you wanting me to do? |
| [COUNSEL]: | Just ask the juror, "Hey, did you—do you know him? Or do you have any"— |
| THE COURT: | Did you ask them in voir dire if they knew any of |

ANN. § 21.02. The jury acquitted him of that offense.

2

them?[2]

[THE STATE]: We didn't have [the uncle] as [a] witness[], Your Honor.

THE COURT: Did you ask [the jury] if they knew [the uncle] on voir dire?

[COUNSEL]: . . . [N]o, I didn't. Well, yes, all the witnesses that [the State] presented, yes, [the State] asked . . . . I mean, we didn't ask about our[] [witnesses].

THE COURT: Okay. But you didn't ask the jury, "Hey, do you know any of the family members of the victim," da, da, da, da?

[COUNSEL]: I didn't, but it was asked[,] and they said no.

THE COURT: Did you ask that?

[THE STATE]: No, Your Honor; we just asked if they knew any of us or any of the potential witnesses. Those that have been watching were not presented, and we didn't say any of the family. We just listed the witnesses.

[COUNSEL]: I just put it on the record, Judge, because—

THE COURT: That is the time that you ask. At this point, whether [t]he [juror] knows the[] [uncle] or not, it's too late.

[COUNSEL]: The[] [State] asked[,] and the[] [jury] said no.

THE COURT: Who asked? No one asked. I asked [the prosecutor] and she said, "No, I didn't ask if they knew the family."

[COUNSEL]: Oh, okay, the [uncle]?

[THE STATE]: I didn't say the family, I just asked if anybody knew the witnesses.

[COUNSEL]: Oh, no, not him. He's not a witness.

---

2 The Honorable Robert Garza, sitting by assignment, presided over voir dire, while the duly elected judge of the 103rd Judicial District Court, the Honorable Janet L. Leal, presided over the trial.

3

THE COURT:     Okay. Then, no one asked the jurors if they knew him, so whether [the juror] knows [the uncle] or not does not matter because no one asked [the question].

[COUNSEL]:     Got it, Judge. It's more for the record.

THE COURT:     It's not like [the juror] withheld anything from you.

[COUNSEL]:     Right. Right, right. No, no, there w[ere] no withholdings, but when [Caso's family] see[s] that they're saying "hi," well, they're worried because it may be that [the juror] knows [the uncle] or maybe is swayed by knowing him.

THE COURT:     Well, but that should have been asked during voir dire.

[COUNSEL]:     Okay.

THE COURT:     It was not asked during voir dire.

[COUNSEL]:     We didn't know that he was going to be []here . . . .

. . . .

THE COURT:     But that's [something] that you need to anticipate. "Do you know the complaining witness? Do you know anyone in her family?" And even then, they could say no, and not realize it until they see [the family members] later on.

[COUNSEL]:     Right.

THE COURT:     But we're already using all of our jurors and we have no alternate juror at this time.[3]

The jury ultimately convicted Caso of indecency with a child by sexual contact and sentenced him as described above. Caso did not file a motion for new trial. This appeal ensued.

---

[3] After the jury was impaneled and sworn, one juror failed to appear the following day for the beginning of trial. The lone alternate juror was substituted to take her place.

4

## II.     STANDARD OF REVIEW & APPLICABLE LAW

"The Sixth Amendment guarantees the right to a trial before an impartial jury." *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004); *see* U.S. CONST. amend. VI. The "right to an impartial jury includes adequate voir dire to identify unqualified jurors." *Franklin*, 138 S.W.3d at 354. When a juror withholds material information during voir dire, "the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury." *Id.* (quoting *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978)).

There are eleven statutory grounds that permit either party to challenge a juror for cause because "the juror [is] incapable or unfit to serve on the jury," including [t]hat the juror has a bias or prejudice in favor of or against the defendant." TEX. CODE. CRIM. PROC. art. 35.16(a)(9). However, only three of these grounds are absolute bars against a person serving on a jury; the other grounds, including bias or prejudice, "may be waived by the party or parties in whose favor such grounds of challenge exist." *Id.* art. 35.16(a)(11). Consequently, defense counsel "has an obligation to ask questions calculated to bring out that information which might be said to indicate a juror's inability to be impartial and truthful." *Armstrong v. State*, 897 S.W.2d 361, 363–64 (Tex. Crim. App. 1995); *Webb v. State*, 232 S.W.3d 109, 113 (Tex. Crim. App. 2007) (explaining the need for counsel "to ask questions specific enough to elicit the answers they require"). For instance, depending on the nature of the relationship, the fact that a venire member knows the complainant could be material information concerning bias or prejudice. *See, e.g.*, *Franklin*, 138 S.W.3d at 355 (holding that the juror "withheld material information—that

5

she was the victim's assistant Girl Scout troop leader, and that her daughter was also in the same Girl Scout troop as the victim"); *Decker v. State*, 717 S.W.2d 903, 907 (Tex. Crim. App. 1983) ("[W]e find that the information was not *material*, in that the record shows that [the juror]'s acquaintance with the complaining witness was only that—an acquaintance through employment."). But if defense counsel fails to ask specific questions designed to elicit that information, then there can be no juror misconduct because nothing was withheld from counsel. *Armstrong*, 897 S.W.2d at 364 (finding no juror misconduct because "defense counsel did not ask the questions needed to elicit the desired information"); *Jones v. State*, 596 S.W.2d 134, 137 (Tex. Crim. App. [Panel Op.] 1980), *overruled on other grounds by Sneed v. State*, 670 S.W.2d 262 (Tex. Crim. App. 1984) (collecting cases standing for that proposition). In other words, a defense counsel's question triggers the juror's duty to disclose responsive information. *See Armstrong*, 897 S.W.2d at 364. Ultimately, defense counsel's failure to question the prospective jurors on a subject like a prior relationship that may indicate bias or prejudice "constitutes a forfeiture of the right to complain thereafter." *Webb*, 232 S.W.3d at 112; *Ex parte Perez*, 525 S.W.3d 325, 339–40 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (stating that a "challenge to a juror based on a non-absolute disqualification . . . is a forfeitable right, not a waivable right" and that a party forfeits such a challenge when he "remain[s] silent"); *see* TEX. CODE. CRIM. PROC. ANN. art. 35.16(a)(11).

A defendant's right to a fair and impartial jury is also implicated when juror misconduct occurs during the trial. Article 36.22 of the Code of Criminal Procedure states, "No person shall be permitted to converse with a juror about the case on trial except in

6

the presence and by the permission of the court." TEX. CODE CRIM. PROC. ANN. art. 36.22. "The primary goal of Article 36.22 is to insulate jurors from outside influence." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Stated differently, Article 36.22 was designed "to prevent *an outsider* from saying anything that might influence a juror." *Id.* at 887 (quoting *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983)). "[I]f a violation is shown, the effectiveness of possible remedies will be determined in part by whether the conversation influenced the juror." *Id.* at 884. "[W]hile questioning jurors about allegations of misconduct is a helpful tool for measuring the necessity for a mistrial, it is not required. Our case law does not establish juror questioning as a mandatory remedy, nor do the Texas Rules of Evidence." *Id.* at 886. For example, "Rule 606(b) permits, but does not require, juror testimony relating to improper outside influence." *Id.* (citing TEX. R. EVID. 606(b)).

## III.  ANALYSIS

Caso first contends that an Article 36.22 violation occurred because the juror in question "verbally and non-verbally communicated with the complaining witness's uncle." Caso next contends that the trial court erred by not questioning the juror, which had the effect of denying Caso the opportunity to develop the appellate record. According to Caso, because the trial court's alleged error prevents us from exercising our appellate function, we must set aside the conviction and remand for a new trial.

The record reflects that there was no conversation between the two men. *See* TEX. CODE CRIM. PROC. ANN. art. 36.22. Under questioning from the trial court, Caso's trial counsel confirmed that "they just waved." Further, the record demonstrates that the juror

7

initiated this non-verbal interaction. Even if the juror did say "hello" to the uncle, as counsel initially reported, this would not constitute a conversation for purposes of Article 36.22, *see Pearson v. State*, 165 S.W.2d 725, 730 (Tex. Crim. App. 1942) (concluding that "mere salutations" do not fall within the meaning of "to converse with a juror"), and it certainly does not show that the two men discussed the case or that the juror was improperly influenced by anything the uncle said to the juror. *See Ocon*, 284 S.W.3d at 887; *Chambliss*, 647 S.W.2d at 266 ("In the instant case, while Juror Richards had no business talking to Mrs. Leak, the record does not show that he in any way discussed appellant's case, or that Mrs. Leak did."). Therefore, Caso has failed to demonstrate that an Article 36.22 violation occurred. Further, given the absence of a violation, we cannot fault the trial court for exercising its discretion in refusing Caso's invitation to question the juror. *See Ocon*, 284 S.W.3d at 886.

Although he has framed his argument on appeal as an Article 36.22 violation, the true nature of Caso's complaint is that the acknowledgement between the two men indicated a prior relationship that, if properly explored during voir dire, could have served as a basis for challenging the juror for cause. Caso's trial counsel said as much when he expressed his concern that the juror could be "swayed by knowing [the uncle]." Caso has carried over these concerns in his brief, intermixing his Article 36.22 argument with a jury selection argument. We agree with the trial court that Caso forfeited this argument by failing to ask the prospective juror members whether they knew the complainant's family members. *See* TEX. CODE. CRIM. PROC. ANN. art. 35.16(a)(11); *Webb*, 232 S.W.3d at 112; *Armstrong*, 897 S.W.2d at 364.

Caso suggests that his counsel was relieved of this obligation because the trial court conducted the first part of voir dire and asked the prospective juror members if they knew any of the witnesses. We disagree. Each party was given an opportunity to conduct their own voir dire, and if the trial court's questioning did not adequately cover a statutory ground for challenging a juror for cause, then it was up to defense counsel to fill in the gaps during his voir dire. *See Franklin*, 138 S.W.3d at 355–56 ("Under Texas law, the defendant must show that the juror withheld material information during voir dire, and the information is withheld *despite due diligence exercised by the defendant*." (emphasis added)); *Gonzales v. State*, 3 S.W.3d 915, 916–17 (Tex. Crim. App. 1999) (noting that error occurs where "a prejudiced or biased juror is selected *without fault or lack of diligence on the part of defense counsel*, such counsel acting in good faith on the juror's responses and having no knowledge of their inaccuracy"); *Hicks v. State*, 606 S.W.3d 308, 318 (Tex. App.—Houston [1st Dist.] 2020, ("During voir dire, counsel should specifically cover all of the grounds for challenges for cause listed in [A]rticle 35.16 before counsel 'could be held to have used due diligence in determining the applicable challenges for cause.'" (quoting *Webb*, 232 S.W.3d at 114)). Instead, counsel elected to focus on other matters that he felt were important to his defensive strategy. As a result, Caso has forfeited any complaint that the juror was biased or prejudiced against him because of the juror's prior relationship with the complainant's uncle. *See* TEX. CODE. CRIM. PROC. ANN. art. 35.16(a)(11); *Webb*, 232 S.W.3d at 112; *Armstrong*, 897 S.W.2d at 364. Caso's sole issue is overruled.

## IV. CONCLUSION

Caso's judgment of conviction is affirmed.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
8th day of August, 2024.