Donald **VON JANUARY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54734.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 18, 1978.

Rehearing En Banc Denied Feb. 7, 1979.

Joseph Montemayor and Larry L. Tinney, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary W. Love and Robert E. Whaley, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of murder. Punishment was assessed by the jury at fifty years. The indictment alleges that appellant shot and killed George Parker, III, by shooting him with a firearm.

Appellant contends that Maurice Dunn, the jury foreman, was guilty of misconduct when he failed to answer the question posed by defense counsel on voir dire examination. Defense counsel asked whether any of the prospective jurors knew members of the George Parker family, the relatives of the deceased. Dunn did not respond even though he knew the family well. Appellant argues that the court erred in failing to grant a new trial on these grounds. We agree and reverse the conviction.

The evidence adduced at the hearing on the amended motion for new trial shows that Maurice Dunn, along with the other members of the jury panel, was asked on voir dire if he knew George Parker, Sr., George Parker, Jr., or George Parker, III (the deceased). He did not answer that he knew the Parkers.

Dorothy Morgan, a former girlfriend of Dunn's, testified that eighteen years prior to the instant trial she and Dunn frequented the Green Parrot Restaurant owned by George Parker, Sr., and that Dunn was routinely greeted by George Parker, Sr. upon entering the restaurant. She further testified that George Parker, Jr. customarily mingled with and spoke to the patrons in the restaurant, including Maurice Dunn. He would sit at the table with them. She testified that at this time restaurants in Dallas were still segregated, that the Green Parrot was one of the only black owned establishments where the negro community could dine and that this fact promoted a congenial atmosphere in the restaurant which caused many customers to feel that they knew and were friends of the Parkers.

Maurice Dunn testified that he knew the George Parker family and that the recognized George Parker, Sr. when he entered the courtroom with the jury panel. He had known the Parkers "ever since they had been in business" which might have been thirty years or longer. He stated that the Green Parrot had been a venerable black eating establishment for many years, that it had been frequented by almost all black persons in Dallas, and that he was therefore familiar with the fact that George Parker, Sr. was its owner. He probably tried to sell Mr. Parker insurance. Dunn also testified that he worked for a meat company owned by his brother who sold meat on one occasion to Mr. Parker. He further indicated that he had been in the restaurant many times over the past thirty years, including occasions on which his Shrine group had eaten breakfast there. Dunn, like Dorothy Morgan, acknowledged that the Green Parrot was, for many years, the only place he could go to eat prior to the integration of Dallas restaurants. Upon entering the restaurant, he always identified Mr. or Mrs. Parker. Finally, Dunn conceded that he might have been wrong in failing to answer defense counsel's question and let him know that he knew the Parkers.

At the outset, appellant distinguished the circumstances of the present case from

those presented in *Babin v. State*, 149 Tex. Cr.R. 339, 194 S.W.2d 563 (1946). In *Babin*, this Court refused to reverse the defendant's conviction where the foreman of the jury did not fully disclose the degree of his acquaintanceship with the deceased. The foreman stated on voir dire that "he only knew him when he saw him [the deceased]." He failed to mention that he and the deceased were neighbors in a very small town. It was held that the jury foreman's answer on voir dire was not so palpably misleading or intentionally deceptive as to require reversal.

Appellant observes that the juror in *Babin* gave at least a partially truthful answer, albeit an incomplete one. In the present case, by contrast, he contends that Maurice Dunn failed to give any answer at all in spite of his awareness of his sworn obligation to come forward. Under such circumstances appellant argues that he was precluded from peremptorily challenging Mr. Dunn, whom he would have struck from the jury had his relationship with the deceased's family been known.

In *Norwood v. State*, 123 Tex.Cr.R. 134, 58 S.W.2d 100 (1933), a prospective juror was asked whether he or his family had ever been the victim of an act of the kind with which the defendant was charged that might in any way prejudice or influence him. The prosecution was for rape. The juror gave a negative answer when in fact his sister had been the victim of a sexual offense. In reversing the conviction, this Court observed that the defendant had used due diligence, was misled by the juror's response and was thereby deprived of his right to peremptorily challenge the juror.

In *Bolt v. State*, 112 Tex.Cr.R. 267, 16 S.W.2d 235 (1929), a juror had been asked by defense counsel on voir dire if he had at any time and in any capacity been interested in the prosecution of any person for a violation of the state liquor laws. The juror answered negatively in spite of the fact that he had in the past aided officers in raiding liquor law violators and had even taken custody of one of the arrested persons. This Court found that the defendant in *Bolt* was deprived of an impartial jury.

In *Adams v. State*, 92 Tex.Cr.R. 264, 243 S.W. 474 (1921), a juror was questioned as to whether he knew the accused or was aware of any fact that might militate against the accused. The juror answered negatively and thereby suppressed the fact that he knew the defendant had been convicted of another offense in another jurisdiction. The conviction was reversed.

■ In the present case, Maurice Dunn testified that although he knew and recognized the Parkers he did not answer defense counsel's question because he did not have any close personal dealings with the family. He believed that it was only this personal type of relationship that counsel was interested in when he propounded the question. It was not Dunn's function to second-guess defense counsel. It was for defense counsel, and not the prospective juror, to decide whether Dunn's relationship to the Parkers made him unacceptable and subject to a peremptory challenge. Dunn's failure to truthfully answer the question propounded to him prevented defense counsel from making this determination. When a partial, biased, or prejudiced juror is selected without fault or lack of diligence on the part of defense counsel, who has acted in good faith upon the answers given to him on voir dire not knowing them to be inaccurate, good ground exists for a new trial. *Norwood v. State*, supra, and cases cited therein.

If Dunn had correctly answered the question that he knew the Parker family, appellant could have pursued the questioning further. In all probability Dunn would not have served as a juror had all the information been known to appellant. He served through no fault or lack of diligence on the part of appellant's counsel. Not only did he serve but he was chosen by the other jurors as foreman, a position of influence, and the appellant was assessed a punishment by the jury at fifty years. He may have justly deserved such punishment, but it should not be meted out under the circumstances of his case where there is such a strong probability that a biased juror served.

The jury system and its purity should not be taken lightly. Because the motion for new trial should have been granted, the judgment is reversed and the cause is remanded.