NUMBER 13-02-128-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG




ISAAC VILLAFRANCA SALAZAR, Appellant, 

v.



THE STATE OF TEXAS, Appellee.




On appeal from the 357th District Court

of Cameron County, Texas.








M E M O R A N D U M O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Garza





 





 Opinion by Chief Justice Valdez



 A jury convicted appellant, Isaac Villafranca Salazar, of murder. See Tex. Pen. Code Ann. § 19.02 (b)(1), (b)(2) (Vernon
2003). The jury sentenced appellant to life imprisonment in the Texas Department of Criminal Justice-Institutional
Division. By four issues, appellant contends: (1) the evidence is legally insufficient to support a conviction for murder; (2)
the evidence is factually insufficient to support a conviction for murder; (3) he was denied due process and equal protection
of the law because a juror failed to answer truthfully during voir dire; and (4) his counsel provided ineffective assistance
because he failed to request a jury instruction on self-defense. We affirm. 

I. Facts and Procedural History

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite additional facts here except
as necessary to advise the parties of the court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.

 On May 19, 2001, appellant and Chuck Aldridge were involved in a physical altercation outside appellant's mother's
house. During the fight, appellant ran into the house and retrieved a knife. When he returned outside, he stabbed Mr.
Aldridge as he was trying to leave the premises. Mr. Aldridge died as a result of the stab wound. 

II. Discussion

A. Legal Insufficiency


 In his first issue, appellant contends the evidence was legally insufficient to show he acted with intent to kill. In support of
this contention, appellant directs our attention to the inconsistencies in the eyewitness testimony. 

 In conducting a legal sufficiency review, we look at the evidence in the light most favorable to the prosecution and
consider whether any rational trier of fact could have found all the essential elements of murder beyond a reasonable
doubt.Jackson v. Virginia, 443 U.S. 307, 319 (1979); Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001), cert.
denied, 2003 U.S. LEXIS 1206 (2003). We do not judge the credibility of the witnesses or sit as a thirteenth juror. 
Henderson v. State, 825 S.W.2d 746, 749 (Tex. App.-Houston [14th Dist.] 1992, pet ref'd). We reconcile conflicting
testimony in favor of the verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 

 Appellant was indicted for murder. Tex. Pen. Code Ann. § 19.02 (Vernon 2003). A person commits murder if he
"intentionally or knowingly causes the death of an individual" or "intends to cause serious bodily injury and commits an act
clearly dangerous to human life that causes the death of an individual." Id. § 19.02 (b)(1), (b)(2). Further, "a person acts
intentionally, or with intent, with respect . . . of his conduct . . . when it is his conscious objective or desire to . . . cause the
result." Id. § 6.03(a). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is
aware that his conduct is reasonably certain to cause death." Id. § 6.03(b). 

 The State introduced evidence that appellant intentionally or knowingly stabbed Mr. Aldridge, which caused his death. In
appellant's statement, he admitted to knowingly stabbing Mr. Aldridge: "When Chuck saw me with the knife I don't know
if he was going to swing with the 2X4 so I stabbed him on the side. I stabbed him one time." The State also introduced
eyewitness testimony about appellant's conduct from which a juror could infer intent. See Henderson, 825 S.W.2d at 749
(explaining that an accused's intent can be inferred from his acts, words, and conduct); Hernandez v. State, 819 S.W.2d
806, 810 (Tex. Crim. App. 1991) (noting intent is generally "inferred from the circumstances under which a prohibited act
or omission occurs"). At trial, Chris Perryman testified that during the altercation, appellant ran inside the home after
stating, "I'm going to get my gun." Ms. Erika Kendal also stated that appellant's hand "stayed in contact with [the victim's
body] for a second and then [appellant] removed his hand and went back inside the house." Further, Ms. Kendal noted
appellant showed her a knife and said "[l]ook at this. . . . [t]odo se lo meti al buey." (1)

 The jury also heard the medical testimony of Dr. Margie Cornwell. She testified that the knife penetrated approximately
nine inches into Mr. Aldridge, causing his death. She also said the wound was "inflicted with intent to cause . . . death"
because the knife penetrated three inches of body fat and "at least six more inches into the body cavity." 

 Appellant argues that eyewitness testimony was conflicting and therefore did not establish that appellant intentionally
killed Mr. Aldridge. Appellant cites specific inconsistencies in trial testimony that he contends show the evidence is legally
insufficient. First, appellant contends that Mr. Perryman's testimony was inconsistent because he was intoxicated, he
initially told police appellant used a bat instead of a two-by-four, and he testified he never saw a knife in appellant's hands.
Second, Ms. Kendal changed her story when she initially told police she was not present when Mr. Aldrich was killed, but
later testified that she saw appellant stab Mr. Aldrich. Further, Ms. Kendal testified she did not see a knife in appellant's
hands. Finally, appellant points to Ms. Hinrichs's testimony that she never saw appellant with a knife in his hand and could
not say appellant acted with intent to kill.

 We note that "the reconciliation of conflicting evidence is within the exclusive province of the jury." Henderson, 825
S.W.2d at 749. We do not sit as a thirteenth juror and judge the credibility of the witnesses. Id. We presume the jury
resolved inconsistent testimony in favor of the verdict. Moreno, 755 S.W.2d at 867. The inconsistent testimony appellant
points out is minor at best. Therefore, we conclude the evidence is legally sufficient to establish appellant stabbed Mr.
Aldridge with intent to commit murder. Accordingly, appellant's first issue is overruled. B. Factual Sufficiency

 During the punishment phase, the jury did not find appellant acted under the influence of sudden passion. In his second
issue, appellant contends the evidence was factually insufficient to support the verdict because the evidence showed
appellant was acting under the influence of sudden passion. 

 A factual sufficiency analysis requires this court to view the evidence in a neutral light and "set aside the verdict only if it
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996). We review the evidence weighed by the jury that tends to prove the existence of a
disputed elemental fact and compare it to evidence that is contrary to the disputed fact. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). However, we do not substitute our judgment for that of the jury, and we do not intrude upon the
jury's "role as the sole judge of the weight and credibility given to witness testimony." Id. Further, a verdict is not clearly
wrong and unjust simply because the jury resolved inconsistent testimony in favor of the verdict. Gutierrez v. State, 85
S.W.3d 446, 449 (Tex. App.-Austin 2002, no pet.). 

 During the punishment phase of trial, a defendant may attempt to mitigate his punishment by arguing that "he caused the
death under the immediate influence of sudden passion arising from an adequate cause." Tex. Pen. Code Ann. § 19.02(d)
(Vernon 2003). He must prove he acted under the immediate influence by a preponderance of the evidence. Id.; see Naasz
v. State, 974 S.W.2d 418, 421 (Tex. App.-Dallas 1998, pet. ref'd) (reviewing jury's failure to make a finding where
defendant has burden of proof to see if "the judgment is so against the great weight and preponderance of the evidence as to
be manifestly unjust"). "Adequate cause" is defined as a "cause that would commonly produce a degree of anger, rage,
resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." Tex. Pen.
Code Ann. § 19.02(a)(1). "Sudden passion" is defined as "passion directly caused by and arising out of provocation by the
individual killed . . . which passion arises at the time of the offense and is not solely the result of former provocation." Id. §
19.02(a)(2). 

 In Gutierrez, the defendant was convicted of murdering Keith Watson at a Halloween party the defendant was hosting at
his home. Gutierrez, 785 S.W.3d at 450. The defendant asked Mr. Watson to leave after Mr. Watson got into a verbal
altercation with another guest. Id. As Mr. Watson and his friends were leaving, the defendant confronted Mr. Watson, and
they started punching each other. Id. The defendant pulled a knife from his back pocket and waived it at Mr. Watson even
though Mr. Watson was unarmed. Id. The defendant then fatally stabbed Mr. Watson in the heart. Id. The defendant then
ran inside his home, hid his shirt under the couch, and threw away the knife. Id. The defendant later admitted stabbing Mr.
Watson. Id.

 The appeals court determined the evidence was factually sufficient to support the murder conviction and sentence. Id. In
particular, the court determined that the defendant did not act with sudden passion, which would have mitigated his
punishment, because there was testimony defendant was not arguing with Mr. Watson prior to the physical altercation. Id.at
451. The court also determined that the defendant's anger was not an adequate cause that mitigated the crime. Id. 

 Like the defendant in Gutierrez, appellant and Mr. Aldridge got into an altercation at a gathering at appellant's home. Mr.
Perryman testified that appellant and Mr. Aldridge were not arguing prior to the altercation, but rather talking about mutual
friends. Moreover, Mr. Aldridge was unarmed when appellant initially attacked him with the two-by-four. Appellant then
temporarily paused the altercation by running into his home and retrieving a butcher knife. He returned outside and stabbed
Mr. Aldridge once as he and Mr. Perryman were attempting to leave. After the assault, appellant ran into his home, told
Ms. Kendal he inserted the knife all the way into the victim, and then ran to a nearby corn field where he hid the knife in
mud. Appellant later admitted to police that he stabbed the victim. 

 The only evidence supporting appellant's contention that he acted under the influence of sudden passion comes from his
statement to police that Mr. Aldridge instigated the fight and from testimony that appellant was upset after he got off the
phone. Anger alone is generally not considered sufficient to find that appellant acted under the influence of sudden
passion. See id. at 451 (noting that "anger does not rise to the level of adequate cause"). The jury may have also weighed
the credibility of appellant's statement against the testimony of the other witnesses and rejected his version of the story. See
id. at 449. The evidence is factually sufficient to support the jury's verdict. 

 Appellant's second issue is overruled. 

 C. Fair and Impartial Trial

 By his third issue, appellant contends he was denied a fair and impartial trial when the trial court overruled appellant's
motion for a new trial based on juror misconduct. Specifically, appellant contends that he was denied a fair and impartial
trial because a juror failed to disclose that appellant's uncle shot at the juror's son eight years prior to the trial. Appellant
argues this omission prevented him from challenging the juror for cause or exercising a peremptory challenge. 

 We review the denial of a motion for a new trial for abuse of discretion. (2) Armstrong v. State, 897 S.W.2d 361, 363 (Tex.
Crim. App. 1995). A conviction will be reversed when a juror withholds information if: (1) the omission is material; and
(2) the defendant exercises due diligence in eliciting that information. Jones v. State, 596 S.W.2d 134, 137 (Tex. Crim.
App. 1980), overruled on other grounds by Sneed v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984); see Armstrong,
897 S.W.2d at 363-64. Defense counsel must ask specific questions designed to bring out information that might indicate a
juror's ability to be impartial and truthful. Armstrong, 897 S.W.2d at 363-64. Information will not be considered
"withheld" if defense counsel fails to ask specific questions. Id. at 364. 

 Appellant relies on Von January v. State to support his motion for a new trial. Von January v. State, 576 S.W.2d 43 (Tex.
Crim. App. 1978). In Von January, the court of criminal appeals reversed the defendant's murder conviction because Mr.
Maurice Dunn, a jury member who served as the foreperson, did not answer when defense counsel asked if anyone on the
panel knew members of the victim's family. Id. at 44. At the hearing for the motion for a new trial, Mr. Dunn testified that
he had known the victim's father for over thirty years and frequented a restaurant owned by him for the same period of time.
Id. The court reversed because Mr. Dunn failed to honestly answer the question which prevented defense counsel from
exercising its peremptory challenges. Id. at 45. 

 According to the record, the shooting that allegedly involved the juror's son occurred in February of 1991, over ten years
before Mr. Aldridge's murder and nearly eleven years before the voir dire in this case. Unlike defense counsel in Von
January, appellant's trial counsel did not ask the questions necessary to elicit the specific information. See Armstrong, 897
S.W.2d at 364. The trial record shows that appellant's trial counsel asked the jury panel if anybody had been the victim of a
violent crime recently or had a relative or family member that had been the victim of a violent crime recently. Appellant's
trial counsel did not specify what he meant by the word "recently." The juror may have reasonably believed the word
"recently" did not include an event that had occurred nearly eleven years before. In short, the record does not show that the
juror withheld material information. Appellant's third issue is overruled. 

D. Ineffective Assistance of Counsel 

Finally, appellant argues he received ineffective assistance of counsel because his trial counsel failed to request a jury
instruction on the issue of self-defense. 

 To prevail on an ineffective assistance of counsel claim, an appellant must satisfy the two-prong test set out by the United
States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the appellant must show that his
counsel's representation fell below an objective standard of reasonableness. Id. at 688. Second, the appellant must show
that the deficient performance prejudiced his defense. Id. The alleged ineffective assistance must be firmly founded in the
record. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's
assistance fell within a wide range of reasonably professional assistance. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000). Appellant must prove both prongs of the Strickland test by a preponderance of the evidence. Thompson, 9
S.W.3d at 813.

 A defendant requesting a self-defense instruction must show: (1) he reasonably believed the force was necessary to protect
himself; (2) a reasonable person in the defendant's situation would not have retreated; and (3) he reasonably believed the
deadly force was necessary to protect himself against another's use or attempted use of unlawful deadly force or to prevent
the other's commission of a specified violent crime. Tex. Pen. Code Ann. § 9.32(a) (Vernon 2003); Flores v. State, 49
S.W.3d 29, 34 (Tex. App.-San Antonio 2001, pet. ref'd). Further, a jury instruction must be given on every issue raised by
the evidence regardless if the evidence is strong, impeached, or contradicted. Flores, 49 S.W.3d at 34. However, a jury
instruction is not required if the evidence viewed in the light most favorable to the appellant does not establish
self-defense.Id.; see Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999) (noting mistake-of-fact defense instruction
not required if evidence viewed in the light most favorable to defendant does not establish defense). 

 Here, there is uncontradicted evidence that after the initial altercation between appellant and Mr. Aldridge, appellant ran
into his home to retrieve a kitchen knife. According to the appellant's statement, he retreated to his home because he
"thought  . . . [Mr. Aldridge] was going to . . . come at [him] with the 2X4." A reasonable person in that situation would
have used that opportunity to retreat from the altercation. See Tex. Pen. Code Ann. § 9.32(a)(2). Appellant's counsel may
have reasonably believed that appellant was not entitled to a jury instruction. See Thompson, 9 S.W.3d at 813 (stating that
review of trial counsel's performance is highly deferential to avoid "deleterious effects of hindsight"). 

 In short, the appellant does not affirmatively demonstrate that his trial counsel's representation fell below an objective
standard of reasonableness. See Strickland, 466 U.S. at 688. Thus, appellant has not met the first prong of Strickland. See
id.; Thompson, 9 S.W.3d at 813. Appellant's fourth issue is overruled. 

III. Conclusion

 Having overruled appellant's four issues, we affirm the trial court's judgment. 


 

 

 Rogelio Valdez,

 Chief Justice



Do not publish. Tex. R. App. P. 47.2(b). 



Opinion delivered and filed

this 30th day of October, 2003.

1. The State did not provide an interpretation of this expression. We interpret it to mean, "I stuck it all the way into [Mr.
Aldrich]."

2. Appellant filed a motion for a new trial with the trial court. However, during the hearing on the motion, all parties
referred to the proceeding as a motion for mistrial. The standard of review for a motion for mistrial is also abuse of
discretion. See Moreno v. State, 952 S.W.2d 44, 45 (Tex. App.-San Antonio 1997, no pet.).