IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00344-CV

 

Theron Belton,

                                                                                    Appellant

 v.

 

Conagra Poultry Co.,

                                                                                    Appellee

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 9649

 



MEMORANDUM  Opinion










 

            Theron Belton attempts to appeal from
an order rendered by the trial court almost one year prior to the filing of the
notice of appeal.  In a letter by the Clerk of this Court, the Clerk warned
Belton that his appeal was subject to dismissal for want of jurisdiction
because it appeared the notice of appeal was untimely.  Belton was informed
that in a restricted appeal, the notice of appeal must be filed within six
months after the judgment or order is signed and that his notice of appeal was
filed almost one year after the order complained of was signed.  Tex. R. App. P. 26.1(c).  The Clerk
also warned Belton that his appeal may be dismissed unless, within 42 days of
the date of the letter, a response is filed showing grounds for continuing the
appeal.  

            Forty-two days have passed, and we
have not received a response from Belton.  Accordingly, this appeal is
dismissed.  Tex. R. App. P.
42.3(a).  

            Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998).  See
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 5; Tex. Gov’t Code Ann. § 51.207(b)
(Vernon 2005).  Under these circumstances, we suspend the rule and order the
Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed January 9, 2008

[CV06]






story and
statements that he was under the influence of drugs and alcohol at the time of the offense. Overall
objected that the report contained false information; however, the court did not resolve the alleged
inaccuracies in the report. He offered to produce testimony and asked for a continuance, but the
judge accepted the report over his objections. He contends that a presentence investigation report
can adversely affect a convict during his time in prison and on parole.
      In his first point, Overall contends that the court erred in denying his motion for a new trial
because Ms. Edmond failed to disclose during voir dire her personal and business relationship with
Mr. Bellah. A juror's relationship with a victim in a criminal case may lead to an improper
verdict if that juror is persuaded and forms a biased opinion. See Brandon v. State, 599 S.W.2d
567, 572 (Tex. Crim. App. 1979). 
      The first question is whether Overall's attorney had sufficient notice to ask appropriate
questions on voir dire concerning potential bias. See Babin v. State, 194 S.W.2d 563, 568 (Tex.
Crim. App. 1946) (on rehearing). If so, he is given the opportunity to ask all questions and then
utilize challenges for cause and peremptory strikes. See Von January v. State, 576 S.W.2d 43,
45 (Tex. Crim. App. 1978). "When a partial, biased, or prejudiced juror is selected without fault
or lack of diligence on the part of defense counsel, who has acted in good faith upon the answers
given to him on voir dire not knowing them to be inaccurate, good ground exists for a new trial." 
Id. However, if there is anything that gives sufficient notice to the defense counsel, or if he fails
to exercise diligence, then no such good ground for a new trial exists. Id. In fact, if counsel fails
to pursue the matter on voir dire, then the defendant should not later be allowed to claim error. 
Drousche v. State, 651 S.W.2d 883, 890 (Tex. App.—Austin 1983, pet. ref'd). "If appellant
desired to know the extent of that acquaintance, he should have inquired of the juror." Babin, 194
S.W.2d at 568.
      The second concern is whether, even when a defendant is deprived of the right to challenge
a juror, the information withheld is material. Salazar v. State, 562 S.W.2d 480, 482 (Tex. Crim.
App. 1978). The Texas Court of Criminal Appeals in Salazar stated: "We do not hold that an
appellant is entitled to a reversal of his conviction in any case in which he discovers that a juror
withheld information during voir dire. Where the information is not material and the juror can
state that it will not affect his deliberation or verdict, an appellant may be unable to show harm." 
Id. at n.5.
      Though Overall cites Von January as allowing a new trial because of a biased juror, the case
is readily distinguishable. See Von January, 576 S.W.2d at 43. In that case, the potential juror
failed to answer a question posed by defense counsel asking if any prospective jurors knew
members of the victim's family. Here, Ms. Edmond was never asked any question that she failed
to answer. The most critical distinction, however, is that questions during voir dire were
sufficient to put Overall on notice that Ms. Edmond possibly harbored a potential bias. Ms.
Edmond was explicitly asked and clearly answered questions concerning any relationship with Mr.
Bellah. She indicated her relationship with the victim by raising her hand. Because Overall had
notice, an exercise of diligence would include inquiring further about the relationship during voir
dire.
      Because there was sufficient notice in this case, we do not need to address the question of
materiality. We overrule the first point.
      In his second and third points, Overall claims that the court erred in overruling his objections
to the presentence report and in not resolving allegations of factual inaccuracies in the presentence
report. "The court shall allow the defendant or his attorney to comment on the report and, with
the approval of the court, introduce testimony or other information alleging a factual inaccuracy
in the report." Tex. Code Crim. Proc. Ann. art. 42.12 § 9(e)(Vernon Supp. 1993). The trial
court did allow Overall to comment on the report and place objections to the report in the record. 
Because it is within the court's discretion to allow introduction of testimony alleging a factual
inaccuracy, the court did not abuse its discretion by not receiving evidence and not resolving
alleged factual inaccuracies. See id.
      Under Article 42.18, section 8(e), of the Texas Code of Criminal Procedure, the pardons and
paroles division shall secure all pertinent information relating to a prisoner. Id. at art. 42.18 §
8(e). The objections to the presentence investigation report noted in the record are forwarded to
the pardons and paroles division of the Texas Department of Criminal Justice. Id. Overall's
counsel can forward his written comments to them as well. The court's failure to resolve the
alleged factual inaccuracies in the presentence report is not error. Points two and three are
overruled.
      We affirm the judgment.
 
                                                                                     BOB L. THOMAS
                                                                                     Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and 
Justice Vance
Affirmed
Opinion delivered and filed February 10, 1993
Do not publish