COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| DANNY RICHARD RIVERS, JR., | § | |
| | | No. 08-12-00145-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 30th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Wichita County, Texas |
| Appellee. | § | |
| | | (TC#51,391-A) |
| | § | |

## **O P I N I O N**

A jury found Appellant Danny Rivers, Jr., guilty of one count of continuous sexual abuse of a young child, two counts of indecency with a child by contact, one count of indecency with a child by exposure, and two counts of possession of child pornography.   *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11, 43.26 (West 2011).   The jury assessed punishment at thirty years' imprisonment for the continuous sexual abuse count, three years' imprisonment for each count of indecency by contact, and two years' imprisonment for each count of indecency by exposure and possession of child pornography.   In a single issue on appeal, Appellant contends the trial court reversibly erred by denying his motion for new trial "when it was apparent a juror withheld material information during voir dire."   We affirm.

### BACKGROUND

During jury selection, the jury panel was asked if anyone knew Appellant, Janet Jackson,

Joe Jackson, Danny Rivers, Sr., Elizabeth Rivers, Chris Rivers, Eric Rivers, John Bunch, Vance Booher, Grace Rivers, Nicole Rivers, Bo Jackson, Meredith Jackson, Carl Booher, Cara Booher, Megan Brown, Aiden Fernandez, Brandy Rivers, Christi Rivers, Bianca (BiBi) Lopez, Nina Rivers, Louis Lopez, Tina Lopez, and Justin Caraway. Several members of the venire responded that they knew one or more of the named individuals. The venire members who responded in the affirmative were spoken to privately during individual voir dire examination.

After Appellant was convicted by a jury and sentenced in accordance with the jury's assessment of punishment, Appellant filed a notice of appeal and a motion for new trial and motion in arrest of judgment. In his motion, Appellant asserted he was deprived of his ability to exercise his peremptory challenges in an intelligent manner because Luke Oechsner, a juror, did not disclose a "previous relationship with and/or knowledge of the alleged victims…Christi Rivers (the alleged victims' mother), and Louis and Tina Lopez (the alleged victims' maternal grandparents) despite being…asked whether he knew any of them." Appellant attached several supporting affidavits in support of his motion.

At the hearing on the motion for new trial and motion in arrest of judgment, Appellant's sister-in-law, Tammi Bunch, testified that once the jury was empaneled she had seen one of the jurors before and that the juror looked familiar. Bunch explained that she now knew the juror was named Luke Oechsner.[1] After the jury was released at trial, Bunch saw Oechsner return to the courtroom for the stacking portion of Appellant's trial. After the sentencing hearing, she saw Oechsner talking and smoking outside the courthouse with two maintenance men.

When the Lopez family came out of the courtroom, Bunch observed Oechsner shake

---

[1] In Tammi's affidavit, which was attached to Appellant's motion for new trial, Bunch stated that she had a suspicion Oechsner knew the Lopez family because she knew of his association with the Express Soccer club in which the alleged victims played soccer.

hands with Emmanuel Bernal, a friend of the Lopez family, Michael Saenz, a witness in Appellant's case, and Louis Lopez, the victims' grandfather. Bunch stated the manner in which the individuals shook hands seemed odd to her. On cross-examination, Bunch stated she did not hear what was said in the parking lot.

Appellant's maternal aunt, Tammy Fernandez[2] testified that she was not present during jury selection. At trial, Fernandez did not recognize anyone after the jury entered the courtroom. After the jury had been dismissed, Fernandez saw a juror, who she now knew to be Oechsner, at the sentencing hearing.[3] After the sentencing hearing, Fernandez saw Oechsner standing outside talking to two maintenance men. She then saw the Lopez family[4] exit the courthouse and approach Oechsner's location. She observed Manuel and Michael shake hands with Oechsner. According to Fernandez, Michael grabbed Oechsner and hugged him.

John Bunch, Appellant's sibling, was present during trial, but was not present for jury selection. Bunch testified that he noticed Oechsner at trial. When asked how long he had known Oechsner, Bunch responded, "I don't know him, personally. I just know who he is." Bunch explained that he knew of Oechsner due to Oechsner's involvement with the Greater Wichita Falls Soccer Association.

According to Bunch, Appellant's stepdaughter and daughter, the victims' in this case, played in the soccer association with which Oechsner was involved. Bunch stated that it was very likely that Oechsner "would know" Monica Lopez, Christi Rivers's sister, because Monica

---

[2] We note that the reporter's record reflects Tammy's last name to be Hernandez while the affidavit attached in support of Appellant's motion for new trial which is signed by Tammy lists her last name as Fernandez. We use Fernandez to identify Tammy in this opinion.

[3] In her affidavit, Fernandez stated that after she saw one of the jurors enter the courtroom during sentencing, she asked her niece, Tammi Bunch, for the name of the juror. Tammi told her the juror's name was Luke Oechsner.

[4] She identified Christi Rivers, Tina and Louis Lopez, Michael Saenz, and "Manuel Bartel." She stated she did not know Manuel's last name.

played soccer with Wichita Falls Express Soccer, a competitive soccer league. Bunch stated that Monica and her friend Abby were at Appellant's trial. The two girls played Express Soccer together. Bunch noticed that Oechsner frequently looked at the girls during trial. Bunch also testified that due to Oechsner's involvement in Express Soccer, Oechsner would probably know Christi Rivers, Tina Lopez, and Louis Lopez.

According to Bunch, Bunch had previously seen Oechsner and Louis Lopez speak at the soccer fields.[5] Bunch testified that Michael Saenz coached and played soccer in the adult league. Michael, Bunch, and Oechsner also played against each other in the adult league.

On cross-examination, Bunch testified that there are a lot of people involved in the Greater Wichita Falls Soccer Association and Wichita Falls Express. He agreed that there are people like Oechsner that he might know on sight, but did not know personally. According to Bunch, it had been a few years since Oechsner had been involved in Wichita Falls Express.

At the hearing on the motion for new trial, the State offered the sworn affidavit of Oechsner as evidence which was admitted without objection. In his affidavit, Oechsner asserted he did not know the victims in this case, Christi Rivers, Louis Lopez, or Tina Lopez. When the defense contacted Oechsner after the trial, he informed the defense that he did not know the victims or their families.

The trial court subsequently denied Appellant's motion and this appeal followed.

## DISCUSSION

### Motion for New Trial

In his sole issue on appeal, Appellant contends the trial court's denial of his motion for

---

[5] In his affidavit that was attached to Appellant's motion for new trial, Bunch stated "I know that I have heard the grandparents, Louis and Tina talk about the Oeschner [sic] family and even thought that I had seen Louis shake hands and speak to Luke Oeschner [sic] at the soccer complex as though they knew each other."

4

new trial is constitutional error because Oechsner failed to disclose material information during voir dire.

<em>Standard of Review</em>

We review a trial court's ruling on a motion for a new trial for an abuse of discretion. *Riley v. State*, 378 S.W.3d 453, 457 (Tex.Crim.App. 2012); *Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.Crim.App. 2001). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. *Webb*, 232 S.W.3d at 112. We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* Accordingly, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*, *citing Charles v. State*, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004).

"The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a motion for new trial with respect to both live testimony and affidavits." *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex.Crim.App. 2013). *Salazar*, 38 S.W.3d at 148. If there is conflicting evidence on an issue of fact, the trial judge determines the issue and there is no abuse of discretion in overruling the motion for new trial. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *Thomas v. State*, 699 S.W.2d 845, 854 (Tex.Crim.App. 1985); *Ford v. State*, 129 S.W.3d 541, 547 (Tex.App. – Dallas 2003, pet. ref'd).

<em>Applicable Law</em>

Criminal defendants have the right at trial by an impartial jury under both the Sixth Amendment and Article I, Section 10 of the Texas Constitution. *Uranga v. State*, 330 S.W.3d

5

301, 304 (Tex.Crim.App. 2010).  During voir dire, if a venire member withholds material information, the defendant is unable to intelligently exercise his challenges and peremptory strikes and his ability to select an impartial jury is hindered.  *See Franklin v. State*, 12 S.W.3d 473, 477-78 (Tex.Crim.App. 2000); *Salazar v. State*, 562 S.W.2d 480, 482 (Tex.Crim.App. 1978).  To show juror misconduct, the complainant must establish that the juror withheld information during voir dire despite the complainant's due diligence.  *Franklin v. State*, 138 S.W.3d 351, 355-56 (Tex.Crim.App. 2004).  Material information is that which has a tendency to show a bias.  *Id*. at 356.

*Analysis*

Appellant argues the testimony at the hearing on the motion for new trial established Oechsner knew the complainants and their family.  Accordingly, he maintains the trial court's denial of his motion for new trial was error because through no fault of his own, he was unable to determine the extent of Oechsner's relationship with the complainant and their family and intelligently use his peremptory challenges due to Oechsner's failure to disclose material information during voir dire.

Appellant cites three cases in support of his argument.  In *Von January v. State*, 576 S.W.2d 43, 45 (Tex.Crim.App. 1978), the Texas Court of Criminal Appeals reversed the defendant's murder conviction because a juror failed to answer when the jury panel was asked if anyone knew the victim and members of the victim's family.  *Id*. at 44.  At a hearing on the defendant's motion for new trial, it was determined that the juror had known the victim's father for more than thirty years, had frequented a restaurant owned by him for the same number of years, and that both the victim and the victim's father would sit at a table with the juror on those

6

occasions, and that many customers felt that the juror knew and was friends with the victim and the victim's father. *Id.* The Court found the trial court erred in denying the defendant's motion for new trial because the juror failed to truthfully answer the question which precluded the defendant from exercising his peremptory challenges. *Id.* at 44, 45.

In *Salazar v. State*, 562 S.W.2d 480 (Tex.Crim.App. 1978), an indecency with a child case, the defendant was a Mexican-American male charged with exposing his genitalia to a young girl. *Id.* at 481, 482-83. In that case, the juror withheld the fact that he had witnessed a Mexican-American male sexually assault his own daughter five years prior. *Id.* at 483. The juror also testified against his daughter's assailant at a previous trial. *Id.* The Court determined that the juror had withheld material information and that the defendant was entitled to a new trial because he was without fault or lack of diligence and was deprived of his right to peremptorily challenge the juror. *See id.*

In *Franklin v. State*, 12 S.W.3d 473 (Tex.Crim.App. 2000), in an aggravated sexual assault of a child case, a juror who did not respond during voir dire about knowing the victim, recognized the victim when the victim was called to testify. *Id.* at 475-76. After informing the trial court that she knew the victim because she had a daughter in the same girl scout troop as the victim and was the troop's assistant leader, the trial court asked the juror if she could listen to the evidence in the case and base her judgment solely on the evidence presented at trial rather than her prior relationship with the victim. *Id.* at 476. The juror indicated that she could. *Id.*

The defendant then moved for a mistrial, which was denied. *Id.* The defendant alternatively asked for additional questioning of the juror about the nature of her relationship with the victim, the duration of that relationship, whether she could put aside that relationship,

7

and whether that relationship would tend to give more or less credibility to the victim's testimony. *Id*. The trial court denied the defendant's request. *Id*. The Court of Criminal Appeals found the trial court erred in denying the defendant the opportunity to ask questions of the juror and remanded the case for a harm analysis. *Id*. at 479. On review of the appellate court's opinion on remand, the Court affirmed the court of appeals' conclusion that reversible error occurred because the trial court prevented proper development of the record regarding whether the relationship between the juror and the victim had a tendency to show bias, and that the record did not establish error to be harmless beyond a reasonable doubt. *Franklin v. State*, 138 S.W.3d 351, 354, 355-56 (Tex.Crim.App. 2004).

The cases relied upon by Appellant involved jurors who deliberately concealed information during voir dire. The instant case is distinguishable from those cases. Here, Oechsner did not respond during voir dire about knowing the victims or their families and at the motion for new trial, through his affidavit testimony, he affirmed he did not know the victims or their families. Although Appellant contends the evidence presented at the hearing on his motion for new trial established that Oechsner knew the complainants and their families, a review of the testimony at the hearing on the motion for new trial shows otherwise. The affidavits and witness testimony relied upon by Appellant to establish Oechsner had prior personal knowledge and a relationship with the alleged victims and certain members of their families are based on suspicions and speculations.

As the sole judge of witness credibility, the trial court considered the affidavits and heard the testimony of the witnesses and implicitly determined that Oechsner did not know the victims or their families such that he did not withhold material information during voir dire. *See*

8

*Okonkwo*, 398 S.W.3d at 694.   Because the trial court was presented with conflicting evidence, it did not abuse its discretion in implicitly finding that Oechsner did not know the victims or their families and denying Appellant's motion for new trial.   *Lewis*, 911 S.W.2d at 7.   Issue One is overruled.

**CONCLUSION**

The judgment of the trial court is affirmed.


GUADALUPE RIVERA, Justice

July 23, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

9