ACCEPTED
06-15-00124-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/3/2015 4:58:49 PM
DEBBIE AUTREY
CLERK

CASE NO. 06-15-00124-CR

IN THE COURT OF APPEALS

FOR THE SIXTH DISTRICT

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2015 8:37:00 AM
DEBBIE AUTREY
Clerk

_____

## LARRY JOE JONES

## VS.

## STATE OF TEXAS

_____

Appeal from the 85th District Court of
Brazos County, Texas
Cause No. 14-02769-CRF-85

_____

APPELLANT'S BRIEF

_____

## ORAL ARGUMENT NOT REQUESTED

David W. Crawford
State Bar No. 24031601
P.O. Box 1510
Bryan, Texas  77806
Telephone (979) 575-9871
E-fax (512) 237-779
Email: dcrawford@crawfordcruz.com

i

# NAMES OF ALL PARTIES

The following is a complete list of all names and addresses of all parties to the Trial Court's final judgment and the names and addresses of all trial counsel:

Appellant:              **Larry Joe Jones**

Appellate Counsel:      **David W. Crawford**
                        State Bar No. 24031601
                        P.O. Box 1510
                        Bryan, Texas 77806
                        Telephone: (979) 575-9871
                        E-fax: (512)237-7792

Trial Counsel:          **Daniel Jones**
                        State Bar No. 24065512
                        Gray, Granbury, and Jones
                        103 North Main Street
                        Bryan, Texas 77803
                        Telephone: (979)314-0112

Appellee:               **State of Texas**

Counsel:                **Jarvis Parsons**
                        Brazos County District Attorney
                        300 E. 26th Street, Ste. 310
                        Bryan, Texas 77803
                        Telephone: (979)361-4320

Trial Court:            **The Honorable Kyle Hawthorne**
                        85th District Court
                        300 E. 26th Street, Ste. 440
                        Bryan, Texas 77803
                        Telephone (979) 361-4270

# TABLE OF CONTENTS

Names of all Parties ................................................................... i

List of Authorities ..............................................................iv-v

Statement of the Case .............................................................. 1

Issues Presented .................................................................. 2

Statement of Facts ................................................................ 3

Summary of Argument .......................................................... 4

Argument............................................................................. 6

    **I.    TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE DEPRIVED THE APPELLANT OF THE RIGHT TO TESTIFY ON HIS OWN BEHALF**

    **II.    THE TRIAL COURT ERRED BY NOT GRANTING A MISTRIAL WHEN A JUROR REVEALED MATERIAL INFORMATION REGARDING HER RELATIONSHIP WITH WITNESSES IN THE CASE AFTER BEGINNING DELIBERATIONS**

Conclusion and Relief Requested ........................................... 16

Certificate of Service .......................................................... 17

Certificate of Compliance …………………………………...18

# LIST OF AUTHORITIES

## TEXAS CASES

*Franklin v. State*, 12 S.W.3d 473(Tex.Crim.App. 2000) . . . . . . . . . . . . . . . . 12-13

*Franklin v. State*, 138 S.W.3d 351(Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . 12-13

*Hawkins v. State*, 135 S.W.3d 72 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . .11

*Johnson v. State*, 169 S.W.3d 223(Tex.Crim.App. 2005) . . . . . . . . . . . . . . . . . 7

*Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . .6

*Mosley v. State*, 983 S.W.2d 249(Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . 11

*Salazar v. State*, 562 S.W.2d 480 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . 14

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . 6-7

*Uranga v. State*, 330 S.W.3d 301 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . ... . . 11

*Von January v. State*, 576 S.W.2d 43 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . .13-14

## SUPREME COURT CASES

*Strickland v. Washington*, 466 U.S. 668 (1984)………………………….. . 6-7

## UNITED STATES CONSTITUTION

Sixth Amendment

# **TEXAS CONSTITUTION**

Article I, Section 10

## STATEMENT OF THE CASE

Appellant was charged with the offense of Evading Arrest with a Vehicle by indictment filed June 5, 2014. (Cl. R. 5). The trial of the merits was heard by the jury beginning May 4, 2015. The jury rendered its verdict of Guilty as alleged in the indictment on May 5, 2015. (R.R. III 95). The appellant did not enter an election regarding sentencing, and by default was sentenced by the court, and the appellant was sentenced to 75 years in the TDJ-ID on May 5, 2015. (R.R. IV 40). This appeal follows.

## ISSUES PRESENTED

**I.**       **TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE DEPRIVED THE APPELLANT OF THE RIGHT TO TESTIFY ON HIS OWN BEHALF**

**II.**     **THE TRIAL COURT ERRED BY NOT GRANTING A MISTRIAL WHEN A JUROR REVEALED MATERIAL INFORMATION REGARDING HER RELATIONSHIP WITH WITNESSES IN THE CASE AFTER BEGINNING DELIBERATIONS**

# STATEMENT OF FACTS

Appellant was involved in an incident that led to a charge of Evading Arrest with a Vehicle on February 22, 2014. (Cl. R. 5). Appellant was taken into custody in connection with that charge on April 21, 2014. (Cl. R. 73). Appellant was formally charged by indictment for the arrested offense on June 5, 2014. (Cl. R. 5). On May 4, 2015, Appellant's case was called to trial before a jury. The jury rendered a verdict of Guilty as charged in the indictment. (R.R. III 95). The jury further found that the Appellant had used a deadly weapon during the commission of the offense. (R.R. III 95). The Appellant made no election regarding who would sentence him prior to trial, and therefore the court rendered the sentence in this case. (R.R. IV 8-9). The State provided notice to the defense that they would seek the enhancement of the offense to Habitual based on two prior convictions on April 29, 2015. (Cl.R. 101-102). The court found that the enhancement allegations were true and the appellant was sentenced to a term of 75 years in the TDCJ-ID on May 5, 2015. (Cl. R. 69-70). This appeal follows.

## SUMMARY OF THE ARGUMENT

On the evening of February 22, 2014, the Appellant was driving a vehicle on Texas Highway 6 in Brazos County. (R.R. III 17-18). During this time, DPS Trooper Kurt Kelm observed the vehicle and did not believe that the vehicle's headlights were on. (R.R. III 17-18). Trooper Kelm then attempted to initiate a traffic stop on the vehicle. (R.R. III 23). The vehicle initially pulled over, and slowed down on the shoulder of the highway. (R.R. III 23). However, before coming to a full stop, the vehicle then accelerated, passing vehicles on the shoulder, and continued driving at a high rate of speed on the highway. (R.R. III 23-25). The vehicle struck a pickup truck on the highway, and flipped and came to a stop. (R.R. III 25). At the scene, the Appellant was not arrested but was taken to the hospital due to injuries sustained in the accident (R.R. III 37). Appellant was subsequently arrested for the offense of Evading Arrest with a Vehicle on April 21, 2014 (Cl. R. 11).

During the trial, the Appellant informed his trial counsel that he wished to testify on his own behalf. (R.R. III 60) A hearing outside the presence of the jury was held at which the Appellant's trial counsel informed that court that his planned defense of the case would be harmed by the testimony of the Appellant. (R.R. III 60-1) In addition, the Appellant was informed by his counsel that by testifying, the

4

entirety of his criminal record would be made available for the jury to consider. (R.R. III 60) After some time with both the trial counsel being quite insistent that the Appellant should not testify, the Appellant eventually did not testify on his own behalf. (R.R. III 63). Appellant clearly wished to testify on his own behalf, and provide evidence regarding a defense to the charges against him, but was prevented from doing so by the actions of his trial counsel.

After all the evidence was presented and arguments were made, the jury then retired to the jury room to deliberate. However, within a few minutes of the jury's retiring, it was discovered that one of the jurors realized at that time that she was the doctor of one of parties who had been in the other vehicle at the time of the incident. (R.R. III 90) The juror stated that she may have even delivered the child of both of the parties in the second vehicle. (R.R. III 91). The Appellant's trial counsel moved for a mistrial at that point, and stated that he would have struck the juror during voir dire had it been made known at the time of the connection between the juror and the parties in the other vehicle, and objected to the juror's continuing deliberations. (R.R. III 89-93) The trial court did not order a mistrial, and overruled the Appellant's objection to the juror continuing with the deliberations. (R.R. III 93) The revelation of the juror's connection to the witnesses to the case negated the Appellant's right to intelligently use his challenges, violated his right to an impartial jury, and should have resulted in a

mistrial, and the seating of a new jury to consider the case.

## ARGUMENT AND AUTHORITIES

I.    **TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE DEPRIVED THE APPELLANT OF THE RIGHT TO TESTIFY ON HIS OWN BEHALF**

### STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove objectively, by a preponderance of the evidence, that his counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Thompson*, 9 S.W.3d at 812. In reviewing

counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that the attorney's performance falls within the wide range of reasonable professional assistance or trial strategy. *Thompson*, 9 S.W.3d at 813. Furthermore, a claim of ineffective assistance must be firmly supported in the record. *Id.*

## ARGUMENT

The right to testify on one's own behalf is fundamental and personal to the defendant. *Johnson v. State*, 169 S.W.3d 223, 232, 235 (Tex.Crim.App. 2005). It is the responsibility of defense counsel, and not the court, to inform a defendant of his right to testify, including that the fact that the ultimate right to testify belongs to him. *Id.* Because the right to testify is a fundamental right, and not a structural one, it is not subject to a harm analysis. *Id.* at 236-7. The harm can be assessed by looking at the anticipated testimony, the evidence admitted at trial, and other factors. *Id.* at 237-8.

In this case, the Appellant wished to testify in his own defense. (R.R. III 60). A hearing outside the presence of the jury was held in which trial counsel discussed all of the negative factors regarding testifying. (R.R. III 60-61). During this hearing, the trial counsel explained that the expected testimony of the Appellant would not allow him to present his theory of reasonable doubt. (R.R. III 60-61). The Appellant indicated that he did not understand what that

theory was. (R.R. III 60-61). At no point during this interchange was the Appellant told that he had the ultimate right to testify, even if it went against the advice of his counsel.

Following the Appellant's decision to go ahead and testify, the State orally requested a motion in limine to prevent testimony regarding a claim that the DPS trooper involved in the case had unlawfully taken property belonging to the Appellant while investigating the accident in this case. (R.R. III 61). The court granted the motion, requiring the parties to approach the bench to determine its relevance prior to testimony regarding that fact being presented to the jury. (R.R. III 61-62). Following the court's ruling, the Appellant ultimately decided not to testify, by saying "I guess so." (R.R. III 63). During argument, the trial counsel's defense appears to be that due to the multiple medications found in the car after the accident that the Appellant did not intentionally evade arrest. (R.R. III 82-84). As the jury found the Appellant guilty, this defense was clearly not ultimately successful.

Often, when no testimony is presented, the record is silent as to what that testimony might have been. However, the record in this case provides insight in two ways as to what the Appellant's testimony might have been in this case. The first comes from the Appellant's statements on the record during the hearing regarding his testifying on his own behalf. (R.R III 62). The

8

Appellant testified about property being missing, speaking to Texas Rangers regarding his case, and the two month lag between the accident and his arrest.

The other insight is provided by the clerk's record. The Appellant filed a pro se Motion for New Trial following his conviction, and within the motion is the Appellant's version of the events that night that could have been presented at trial had he testified. (Cl.R. 36). In the motion, the Appellant states that he did not realize it was a police officer that was attempting to pull him over, and that he drove away at a high speed because he was afraid that it was a road rage incident. (Cl.R. 36).

To show ineffectiveness of counsel, a defendant must show both that the counsel's actions fell below professional standards and also that the outcome would have been different but for the actions of the counsel. In this case, the first prong is easily met on the issue of testifying. The trial counsel never informed the Appellant on the record that he had the ultimate right to decide whether or not to testify. The trial counsel also did not explain to the Appellant on the record the difference between a motion in limine and a ruling that evidence and testimony would not be admissible. By not doing so in either of these situations, he failed to meet the professional standards of informing a defendant of his fundamental right to testify on his behalf if he so desires.

The second prong, then, is that but for the actions of counsel there would have been a different result. The trial counsel argued that there was no reason why the Appellant would evade and that it made no sense for him to evade arrest in his final argument. (R.R. III 84). By preventing the Appellant from exercising his fundamental right to testify on his behalf, the trial counsel kept the jury from having the opportunity to hear what that reason was. The Appellant was deprived of the ability to provide a defense to the jury and to provide explanation of his actions that led to the charges against him. Had the Appellant been allowed to testify, a reasonable jury would have had evidence to consider that would have allowed them to have rendered a verdict that the Appellant did not intentionally evade arrest. The denial of this fundamental right to the Appellant thus resulted in a different result than had he been allowed to testify. For this reason, the case should be reversed and remanded to the trial court for a new trial with effective counsel.

**II.    THE TRIAL COURT ERRED BY NOT GRANTING A MISTRIAL WHEN A JUROR REVEALED MATERIAL INFORMATION REGARDING HER RELATIONSHIP WITH WITNESSES IN THE CASE AFTER BEGINNING DELIBERATIONS**

## STANDARD OF REVIEW

The standard of review of the denial of a motion for mistrial uses an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004) (en banc). When evaluating the conduct of the trial court in denying the motion for a mistrial, the court should apply the three *Mosley* factors which balance: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Hawkins*, 135 S.W.3d at 75 (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (en banc) (op. on reh'g)).

## ARGUMENT

Criminal defendants have the right to an impartial jury under both the Sixth Amendment and Article I, Section 10 of the Texas Constitution, *Uranga v. State*, 330 S.W.3d 301, 304 (Tex.Crim.App. 2010). During voir dire, if a venire member withholds material information, the defendant is unable to intelligently exercise his challenges and peremptory strikes and his

ability to select an impartial jury is hindered. *Franklin v. State*, 12 S.W.3d 473, 477-78 (Tex.Crim.App. 2000). The good faith of a juror is largely irrelevant when considering the materiality of information withheld. Id. at 478. Juror misconduct is shown when the juror withheld information during voir dire despite the complainant's due diligence. *Franklin v. State*, 138 S.W.3d 351, 355-56 (Tex.Crim.App. 2004). Material information is that which has a tendency to show a bias. *Id*. at 356.

In Franklin, an aggravated sexual assault of a child case, a juror who did not respond during voir dire about knowing the victim, recognized the victim when the victim was called to testify. 12 S.W.3d at 475-76. After informing the trial court that she knew the victim because she had a daughter in the same girl scout troop as the victim and was the troop's assistant leader, the trial court asked the juror if she could listen to the evidence in the case and base her judgment solely on the evidence presented at trial rather than her prior relationship with the victim. *Id*. at 476. The juror indicated that she could. *Id*. The defendant then moved for a mistrial, which was denied. *Id*.

The defendant alternatively asked for additional questioning of the juror about the nature of her relationship with the victim, the duration of that relationship, whether she could put aside that relationship, and whether that relationship would tend to give more or less credibility to

12

the victim's testimony. *Id*. The trial court denied the defendant's request. *Id*. The Court of Criminal Appeals found the trial court erred in denying the defendant the opportunity to ask questions of the juror and remanded the case for a harm analysis. *Id*. at 479. On review of the appellate court's opinion on remand, the Court affirmed the court of appeals' conclusion that reversible error occurred because the trial court prevented proper development of the record regarding whether the relationship between the juror and the victim had a tendency to show bias, and that the record did not establish error to be harmless beyond a reasonable doubt. *Franklin v. State*, 138 S.W.3d 351, 354, 355-56 (Tex.Crim.App. 2004).

Another example of juror misconduct by not providing material information is *Von January v. State*, 576 S.W.2d 43 (Tex. Crim. App. 1978). In that case, the Court of Criminal Appeals considered whether the trial court erred by failing to grant defendant a new trial when it later became apparent that a juror knew the family of the deceased victim. Juror Dunn did not respond when defense counsel asked if the venire knew the victim's family. This Court stated that "when a partial, biased, or prejudiced juror is selected without fault or lack of diligence on the part of defense counsel, who has acted in good faith upon the answers given to him on voir dire not knowing them to be inaccurate, good ground exists for a new trial." *Id*. at 45. If Juror Dunn had answered the questions correctly, the defendant could have pursued further questioning and, in all probability, Juror Dunn would

not have served on the jury. *Id*.

*Salazar v. State*, 562 S.W.2d 480 (Tex. Crim. App. 1978), also provides an example of material information being withheld from a defendant during voir dire. In that case, the defendant was charged with exposing his genitals to a young girl. *Id*. at 481. During voir dire, the defendant asked whether any of the jurors had been a witness in or involved in a criminal proceeding. Juror Wooley did not respond to this question. *Id*. After the State rested its case, Juror Wooley told the trial judge that he had been an eyewitness to a sexual assault on his own daughter, and he had testified in that prosecution. *Id*. at 482. The defendant moved for a mistrial stating that had he known the truth, he would have struck Juror Wooley either by challenge for cause or peremptorily. *Id*. The trial court denied the motion because Juror Wooley stated he could be fair and impartial regardless of his previous experiences. *Id*.

The Court of Criminal Appeals held that the trial court erred in finding Juror Wooley fair and impartial. "That a juror will state that the fact that he withheld information will not affect his verdict is not dispositive of the issue where the information is material and therefore likely to affect the juror's verdict." *Id*. Because the defendant acted in good faith on the answers given to him during voir dire, the Court concluded he was deprived of his right to peremptorily challenge Juror Wooley. *Id*. at 483.

In this case, Juror Appleton did not realize until final arguments or immediately thereafter that one of the occupants of the vehicle struck during the accident was patient of hers. (RR. III 90-1). Juror Appleton did not recall whether or not she was present at the birth of the child of both of the occupants of the vehicle. (R.R. III 92). The court allowed for a brief questioning of Juror Appleton and the juror testified that her prior relationship would not affect her deliberations in this case. (R.R. III 93). Prior to this questioning, the Appellant requested a mistrial based on the information. (R.R. III 91). Following the questioning of the juror, the Appellant objected to her being allowed to continue deliberating. (R.R. III 93). At both times, the Appellant stated that had he known the information about the prior relationship, he would not have let her remain on the jury.

While Juror Appleton testified that the relationship would not affect her deliberations, her prior relationship with the witnesses was material information that was withheld from the Appellant and did not allow him to intelligently exercise his challenges in this case. The fact that her testimony would not support a challenge for cause is irrelevant. The Appellant stated twice on the record that had he known about this during voir dire that Juror Appleton would not have been on the jury. The fact that the information was not withheld due to bad faith does not affect the materiality of the information. The Appellant had a right to know

15

that information during voir dire, and act accordingly.

The trial court abused its discretion in not granting the mistrial to the Appellant when requested, and not excusing the juror from deliberations when asked. Juror Appleton would not have served on the jury had the relationship been known during voir dire, and the Appellant was deprived of his right to utilize his challenges because of the withholding of that information, whether in good faith or not. The case should be remanded to the trial court and a new trial granted, giving the Appellant the full rights of a trial by impartial jury.

## CONCLUSION AND PRAYER

Wherefore, Appellant prays that the Court of Appeals will grant leave to file the foregoing brief on appeal, and that the court will review the record of trial and grant any relief to which Appellant may be entitled.

RESPECTFULLY SUBMITTED,

/s/ David W. Crawford
David W. Crawford
State Bar No. 24031601
P.O. Box 1510
Bryan, Texas 77806
Telephone (979) 575-9871
E-fax (512) 237-779
Email: dcrawford@crawfordcruz.com
Attorney for Appellant

16

**CERTIFICATE OF SERVICE**

As Attorney of Record for Appellant, I do hereby Certify by my signature above that a true and correct copy of the above and foregoing document was this date provided to the Attorney for the State, **Jarvis Parsons,** Brazos County District Attorney, 300 E. 26th Street, Ste. 310, Bryan, Texas 77803, and to the Appellant, Larry Joe Jones, Polunsky Unit, 3872 FM 350 South, Livingston, Texas 77351, Via Certified Mail, Return Receipt Requested.

    Date:     December 3, 2015

**Certificate of Compliance**

As Attorney of Record for Appellant, I do hereby Certify by my signature that this brief contains 3,202 words, in accordance with Tex. Rules of Appellate Procedure 9.4(i).

Date:    December 3, 2015

/s/ David W. Crawford
David W. Crawford
State Bar No. 24031601
P.O. Box 1510
Bryan, Texas  77806
Telephone (979) 575-9871
E-fax (512) 237-779
Email: dcrawford@davidwcrawford.com
Attorney for Appellant
